SHELTON *v.* LITTLE ROCK AUTO COMPANY.

Opinion delivered March 25, 1912.

1. LABORER'S LIEN—REPAIR OF AUTOMOBILE.—Under act of April 15, 1903, providing a lien in favor of "wheelwrights" who perform work or labor upon "wagons, carriages," etc., one who repairs an automobile is entitled to have a lien in his favor enforced thereon. (Page 144.)

2. SAME—CONSTRUCTION OF STATUTE.—The act of April 15, 1903, providing for the enforcement of the lien of wheelwrights by suits, etc., covers the whole subject, and is inconsistent with the provisions of the act of March 16, 1899, authorizing mechanics and artisans "to sell property on which they hold a lien for work," in so far as that act may affect the enforcement of the liens of wheelwrights. (Page 145.)

3. JUSTICE OF THE PEACE—JURISDICTION.—A justice of the peace has no jurisdiction to enforce a laborer's dien for repair of an automobile for an amount in excess of $300. (Page 145.)

Appeal from Garland Circuit Court; *C. T. Cotham,* Judge; affirmed.

STATEMENT BY THE COURT.

The appellee, being the owner of the automobile and equipments in controversy, sold them to one C. O. Steele, and for the purchase price thereof accepted two promissory notes from Steele in the following form for $300 each, respectively:

"Little Rock, Ark., April 22, 1909.

"Three months after date, I hereby promise to pay to the Little Rock Auto Company three hundred dollars in part payment for one 1908 Regal Automobile, this note to bear interest at the rate of eight per cent. from date. It is expressly understood that this car is to remain the property of the Little Rock Auto Company until the full purchase amount is paid.

(Signed)                                    "C. O. Steele."

These notes were never paid. Subsequent to this sale, the automobile was put in the garage of the appellants by C. O. Steele, and the labor was expended by appellant's employees in repairing the automobile for Steele, all unknown to appellee. Appellants afterwards filed a claim for a laborer's lien in excess of three hundred dollars, and an affidavit and bond before a justice of the peace of the township, claiming a laborer's lien on the automobile, and the machine was sold in pursuance thereof to appellants for a sum in excess of three hundred dollars. Until subsequent to this sale appellee had no knowledge of the laborer's lien, or that the machine had been sold thereunder. Afterwards appellee brought suit in the Garland Circuit Court in replevin, and appellants answered, setting up their right to the automobile under the laborer's lien and sale thereunder.

*C. Floyd 'Huff,* for appellants.

The sale was not made by the justice's court, or under its orders, but in pursuance of Kirby's Dig., §§ 5017-18.

*Greaves & Martin,* for appellee.

The judgment was void. The justice had no jurisdiction of a lien over $300. 44 Ark. 377; 48 *Id.* 301; Acts 1909, p. 950; Acts 1911, 324; Kirby's Dig., § 5104.

WOOD, J., (after stating the facts). Section 1 of an act approved April 15, 1903, is as follows:

"Blacksmiths and wheelwrights who perform work or labor for any person, if unpaid for the same, shall have an absolute lien on the product of their labor and upon all wagons, carriages, farm implements and other articles repaired by them, for such work or labor and for all materials furnished by them and used in such product or repairs."

Section 2 provides: "Any person having a lien under this act, and desiring to avail himself of its provisions, shall, within thirty days after such work or labor is done or performed, or materials furnished, file with the clerk of the circuit court of the county in which the debtor resides a just and true account of the demand due, or becoming due, after allowing all credits, and containing a description of the property to be charged with said lien, verified by affidavit."

Section 4 reads as follows: "Liens accruing under this act may be enforced, at any time within four months after such accounts are filed, by suits as provided for the enforcement of laborers' liens in subdivision 3 of chapter 99 of Sandels & Hill's Digest."

The Legislature of 1909 amended section 2 of the above act (which is section 5014 of Kirby's Digest), as follows:

"Sec. 1. That section 5014 of Kirby's Digest be so amended as to read as follows:

"Section 5014. Any person having a lien under this act, and desiring to avail himself of its provisions, shall, within thirty days after the bill for such work or labor or material furnished shall become due, file with a justice of township of county, of the county in which the debtor resides, a just and true account of the demand due, after allowing all credits, and containing a description of the property to be charged with said lien, verified by affidavit.''

"Section 2. All laws and parts of laws in conflict herewith be and the same are hereby repealed, and this act to take effect from and after its passage." (Acts 1909, c. 323.)

It will be observed that the act of 1909, *supra,* does not repeal section 4 of the act of 1903, *supra,* prescribing that the liens accruing under the act "may be enforced by suits," etc. The suits to establish the lien and to declare the amount thereof must be brought in the court having jurisdiction of the amount which plaintiff claims, and for which he seeks to have the lien enforced. The act of April 15, 1903 (sections 5013 to 5016 inclusive of Kirby's Digest), takes up the entire subject of providing for liens for "wheelwrights" and for their enforcement. A wheelwright is "a man whose occupation is to make or repair wheels and wheeled vehicles." Webster, Dict. According to this definition, appellants were wheelwrights, and their lien and the proceedings for their enforcement are governed by the provisions of the act of April 15, 1903. This act of April 15, 1903, provides for the enforcement of the liens of wheelwrights by suits, etc. See section 4 of the act. It covers the whole subject, and is inconsistent with the provisions of the act of March 16, 1899, in so far as that act may affect the enforcement of the liens of wheelwrights, and repeals it.

The appellants sought to have a lien established and enforced for an amount in excess of three hundred dollars. The justice of the peace had no jurisdiction to declare a lien for such amount. Art. 7, § 40, Const. The justices of the peace can exercise only such jurisdiction as is expressly conferred upon them or such as may be necessary to make effective the jurisdiction expressly granted. *Whitesides* v. *Kershaw,* 44 Ark. 377. Therefore the court was correct in holding that appellants acquired no title to the property in suit, and in rendering judgment for the appellee.

The judgment is affirmed.