LOWE AUTO COMPANY *v.* WINKLER.

Opinion delivered February 5, 1917.

1. LIENS—MECHANICS' AND WHEELWRIGHTS' LIEN—AUTOMOBILES.— In the absence of a statute on the subject, wheelwrights and mechanics, doing repairs on an automobile, are entitled to a lien thereon.

2. LIENS—REPAIRS ON AUTOMOBILES.—Although appellant may have a lien upon an automobile belonging to appellee for labor performed thereon, he has no right to hold possession of the same until the amount due is paid, as was the case with respect to common-law liens.

3. LIENS—REPAIRS ON AUTOMOBILE—ASSERTION OF LIEN—COUNTERCLAIM.—A. did repairs on B.'s automobile and held the same for the debt. B. brought replevin, and A. filed a counterclaim setting out his lien. *Held,* the filing of the counterclaim was not a proper assertion of the lien under the statute (Act 147, Acts 1903).

Appeal from Arkansas Circuit Court, Southern District; *Thomas C. Trimble,* Judge; affirmed.

*Lee & Moore* and *L. C. Smith,* for appellant.

1. It was not necessary to file with the circuit clerk a just and true account, as this suit was com-

menced within the ninety days, the time in which to file the affidavit. Defendant also had possession of the car, either of which was sufficient to preserve the lien. 49 Ark. 475; 57 *Id.* 284; 58 *Id.* 16; 27 Cyc. 384, 389; 31 *Id.* 335.

2. Defendant had a lien. Acts 1911, p. 298, amending Kirby's Digest, §§ 5013-14; 103 Ark. 144; 171 Ill. App. 310; 185 *Id.* 425.

3. The verdict is neither founded upon the evidence, law, equity, common sense or right between man and man. Instruction No. 1 for plaintiff is not the law. Not only are labor, repairs and material used in repair the basis of a lien, but gasoline, oil, prestolite and tires are absolute necessities and are also a lien. 71 Ark. 338. No. 2 is not the law. 58 Ark. 7. It was error also to give § 5018, Kirby's Digest. It had no place in the trial. It only gives the right to sell but is not mandatory. Defendant was entitled to judgment on its cross-complaint.

*Carpenter & Bowers*, for appellee.

The evidence is ample to sustain the verdict. It is admitted that no lien was filed with the clerk as required by law. This is ample to justify the jury in their verdict.

2. There is no error in the instructions. Acts 1911, 298, amending Kirby's Digest, § 503; *Ib.* § 5017-18. The Act of 1911, if it does not repeal §§ 5017-18, does supersede them. The instructions fairly state the law.

3. The filing of a cross-complaint was not a substantial compliance with the act and the cases cited are not in point. Kirby's Digest, § 5013-14. Appellant had no common law lien. Our statute supersedes the common law. The statute must be complied with.

McCulloch, C. J. This is an action instituted by appellees, E. H. Winkler and his wife, M. D. Winkler, to recover possession of an automobile held by defendant, J. M. Lowe Auto Co. at its garage for payment of a repair bill. The defendant filed a counterclaim on an account for repairs alleged to have been made, the

original account aggregating the sum of $244.00, with credits reducing the same to $140.05. The account shows repairs made from time to time, and it appears from the evidence that the car was left with the defendant for repairs by appellees. The jury returned a verdict in favor of appellees for the possession of the car and in the sum of $1.00 as damages for the detention. There are questions in the case concerning rulings of the court during the progress of the trial which have been eliminated by the verdict, and we proceed to determine only those questions which are necessarily presented on this appeal.

(1) The contention of counsel for appellant is that the appellant had a lien for repairs which authorized it to hold the car until the repair bill was paid, and also that the filing of the counterclaim within the period prescribed by statute for filing a lien with the clerk of the circuit court, was sufficient compliance with that statute. Automobiles are a species of vehicle which were unknown at common law, but little doubt can be entertained that in the absence of a statute on the subject, wheelwrights and mechanics would be entitled to a lien on an automobile the same as upon any other kind of vehicle repaired. The Legislature enacted a statute at the session of 1899 (Kirby's Dig., secs. 5017-5019), providing for a method of enforcing a common law lien. It created no lien, but merely provides that "mechanics and artisans who are in possession of articles of personal property, and hold the same by virtue of a lien thereon for labor and material, shall have a right to sell the same for the satisfaction of the debt for which the property is held." The statute further requires that a bond be given in an amount to be fixed by a justice of the peace or circuit judge, before the sale is made, and that such sale shall not take place until the expiration of thirty days from the time the work was completed. The General Assembly of 1903 enacted a statute, approved April 15, 1903 (Kirby's Digest, secs. 5013-5016), creating a statutory lien in favor of blacksmiths and wheelwrights and providing a method for enforce-

ment of such lien. A section of that statute provides that a person desiring to avail himself of its provisions must, within thirty days after work or labor is done, file with the clerk of the circuit court of the county in which the debtor resides, an account of the demand due and description of the property to be charged with the lien, and that the lien accruing under the statute may be enforced at any time within four months after the account has been filed with the clerk in the manner provided by statute for the enforcement of laborer's liens. The statute has since been amended so as to make ninety days the time allowed for filing the account in the office of the circuit clerk, instead of thirty days as provided in the original statute. Act of Session 1911, p. 298.

In *Shelton* v. *Little Rock Auto Co.*, 103 Ark. 142, we held that the Act of 1899, *supra*, was repealed by Act 147, p. 259, of April 15, 1903, and that the remedy prescribed in the latter statute must be pursued. The decision in the case just cited related only to the remedy, but it necessarily follows that if the remedy prescribed by that statute was swept away by the subsequent enactment of the Legislature, the lien itself which arose under the common law, was also superseded by the statutory lien. It was said in the opinion in the case just cited that the Act of April 15, 1903, covered the whole subject and is inconsistent with the provisions of the former statute and it necessarily follows from that conclusion that the lien created by the common law was superseded by the one created by the statute.

(2) Now, this settles the question of the right of the appellees to recover possession of the automobile, for notwithstanding the fact that appellant may have had a lien, there was no right to hold possession until the amount was paid as was originally the case with respect to common law liens. The verdict for the possession of the car and the nominal amount of damages awarded, was correct, according to the undisputed evidence.

(3) The only serious question for our determination is that which relates to the right of the appellant to assert

its lien by a cross-complaint filed in this action without having filed the lien with the circuit clerk as required by statute. The counterclaim was filed in this case within ninety days from the completion of the last repairs made on the car, and if that be treated as the commencement of an action, it was sufficient without having previously filed a claim with the clerk. *Simpson* v. *Black Lbr. Co.*, 114 Ark. 464; *Anderson* v. *Seamans*, 49 Ark. 475. But, was the counterclaim properly filed in this case and was it equivalent to the commencement of a suit to enforce the lien? We think not. A counterclaim allowed under the statute "must be a cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them, arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action." Kirby's Dig., sec. 6099. This was a replevin suit for possession of the automobile and the counterclaim did not set forth a cause of action arising out of any contract or transaction set forth in the complaint or connected with the subject of the action. *Barry-Wehmiller Co.* v. *Thompson*, 83 Ark. 283. Where the right of recovery of plaintiff in a replevin suit depends upon the existence or non-existence of a debt claimed against the defendant, then a set-off, counterclaim or plea for recoupment may be asserted for establishing the non-existence of the debt and defeating the right of the plaintiff to recover. *Ames Iron Works* v. *Rea*, 56 Ark. 426. In the present case, however, since we have held that there is no question of debt involved in the plaintiff's right of action, and that regardless of any lien on the part of the defendant against the car, the plaintiff is entitled to recover possession, then the counterclaim has no place in the case and must be the subject of a separate action in compliance with the terms of the statute, which provides the methods of enforcing the lien.

The verdict of the jury was, therefore, correct upon the undisputed evidence and the judgment is, for that reason, affirmed.