WEBER IMPLEMENT & AUTOMOBILE COMPANY *v.* PEARSON.

Opinion delivered December 3, 1917.

1.   MECHANIC'S LIENS—REPAIR MAN—CONDITIONAL VENDOR—AUTOMOBILE.—A repair man who performs labor and does repairs upon an automobile has a lien for his labor which takes precedence over the rights of a conditional vendor.

2.   MECHANIC'S LIENS—REPAIRS ON SEVERAL AUTOMOBILES—ONE TRANSACTION.—Under a contract to keep automobiles in repair, repairs made and labor done upon several cars belonging to one owner, done from time to time, will be regarded as done in one transaction.

3.   MECHANIC'S LIENS—AUTOMOBILE REPAIRS—PUTTING ON CASINGS.—The placing of tire casings upon the wheels of an automobile does not come within the meaning of the statute allowing wheelwrights a lien for labor done and materials furnished by them.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed.

*Manning, Emerson & Donham,* for appellant.

1.   The act under which the lien is sought does not cover that class of supplies sold by appellee.   Kirby's Digest, § § 5013-14; 127 Ark. 433.

2.   Appellee is not entitled to a lien for articles sold more than ninety days before filing his claim.   27 Cyc. 144.

3.   If entitled to a lien at all, it should only have been on each car for the specific articles furnished for each car.

4.   A lien could not be created on the cars by Aven as he did not own the cars.   34 Pac. 959; 50 N. H. 82; 19 Pick. 228; 54 Pac. 72; 56 *Id.* 339; 130 *Id.* 165; 4 S. W. 494; 19 *Id.* 909.   The case in 103 Ark. 142 does not settle the question here.   See also 56 Ark. 380; 3 R. C. L. 55; 17 *Id.* § 3.

*Geo. A. McConnell,* for appellee.

1.   Appellee was entitled to a lien on the cars.   182 S. W. 759; 103 Ark. 142.

2.   Appellee was entitled to a lien for all articles furnished except those excluded by the court.   91 Ark. 465; 56 *Id.* 544; 91 *Id.* 108; 63 *Id.* 367; 90 *Id.* 340.

3.   Appellee was entitled to a lien on all the cars without showing on which car any specific material was used.   54 Ark. 93; 129 Ark. 58.

4.   Appellee's lien was superior to that of the appellant.   82 Ark. 9; 100 *Id.* 403; 107 *Id.* 337-340; 67 So. 659; 56 Ark. 456; 122 *Id.* 464; 30 Am. Rep. 425; 149 N. W. 654; 37 Ark. 206; 121 Cal. 8; 43 L. R. A. 524; 3 R. C. L. 133.

### STATEMENT OF FACTS.

Appellee sued W. R. Aven, Sr., and W. R. Aven, Jr., for the sum of $364.51 for materials furnished and labor performed on three Mitchell touring cars, and asked that a lien be declared in his favor on said cars for said sum of money.

Appellant, Weber Implement & Automobile Company, filed an interplea in the cause in which it alleged that it was the owner of the cars, under the terms of the conditional sale. The facts are as follows:

In January, 1915, the Weber Implement & Automobile Company, sold three Special Six Mitchell automobiles with seven-passenger bodies to the Avens. The sale was made on a credit and the title was retained in the vendor until the purchase price should be paid. It was understood that the cars should be used in livery service and that payments on the purchase price should be made out of the earnings of the business. Appellee was engaged in Little Rock in the business of repairing automobiles and furnishing materials therefor. The Avens came to him and told him that they were engaged in operating the three Mitchell cars as taxicabs and made a contract with him to make the necessary repairs on them and to furnish the materials therefor. Late in the fall there was a time when the payments made by the Avens equaled their indebtedness to appellee. After that they purchased materials necessary for use in running the automobiles but the principal part of the account was eight casings which were installed by appellee upon the three automobiles above referred to. The evidence shows that the Avens were due appellee the amount sued for for repairs made on said automobiles and for materials furnished therefor. The evidence also shows that out of this amount the sum of $334.16 was for placing eight casings on the three Mitchell cars and for other repairs made thereon.

The case was tried before the court sitting as a jury. The court rendered judgment in favor of appellee against the Avens for the amount sued for and declared a lien on the cars for the sum of $334.16 in favor of appellee.

Other evidence will be referred to in the opinion. The case is here on appeal.

HART, J., (after stating the facts). (1) The Weber Implement & Automobile Company sold three Mitchell cars under a conditional sale contract to the

Avens, who agreed to pay for them in installments.  It was agreed that the title to the cars should remain in the seller until the price was fully paid.  It was also understood that the purchaser should have possession of the cars and use them in livery service and pay for them out of the earnings.  In this way the sum of $2,800 was paid but there was still due a considerable amount of the purchase money.  The purchaser employed an automobile repair man in the city of Little Rock, to make repairs and furnish certain materials therefor to the extent of $334.16. Under these circumstances the court held that there was implied authority from the seller to the purchaser to have the machines repaired and that the repair man had a lien on the machines which took precedence over the right of the conditional seller.  The common law lien of an artisan on chattels can be asserted against a third person only when the property is retained in the actual and continuous possession of the person claiming the lien.  Hence in testing the right of the repair man to a lien in the present case we must look to our statutes on the subject.

Section 1 of an act approved April 15, 1903, is as follows:

"Blacksmiths and wheelwrights who perform work or labor for any person, if unpaid for the same, shall have an absolute lien on the product of their labor and upon all wagons, carriages, farm implements and other articles repaired by them, for such work or labor and for all materials furnished by them and used in such product or repairs."  Act of 1903, page 259.

This court has held that one who conducts a garage in which he repairs automobiles is a wheelwright within the meaning of the statute and that the statute gives him a lien on an automobile for repairs made thereon by him. *Shelton* v. *Little Rock Automobile Company,* 103 Ark. 142.

It is contended by counsel for appellant that in this case the court's attention was not directed to the question of whether a repair man should have a lien which should take precedence over the rights of the conditional vendor. While this question was not discussed in the opinion it

was necessarily involved. It must be admitted that there is a conflict in the authorities on this point, but the holding in the case just cited is in accord with a subsequent decision of this court bearing on the question.

In *Gardner* v. *First National Bank of De Queen*, 122 Ark. 464, the mortgagee allowed the mortgagor to keep certain horses and wagons which had been mortgaged to it and to use them in running his sawmill. Under these circumstances the court held that there was implied authority in the mortgagor to make necessary repairs and that under the statutes above quoted a blacksmith and wheelwright who had made certain repairs on the wagons and shod some of the horses had a lien superior to the lien of the mortgage. This rule is based on the fact that the labor and materials so furnished have enhanced the value of the property and have kept it in a necessary state of repair. Necessary repairs are for the betterment of the property, and under circumstances like the present case it will be presumed to have been the intention of the parties that the property should be kept in repair and the purchaser in possession will be deemed the agent of the conditional vendor to procure the repairs to be made. See, also, *J. A. Broom & Son* v. *S. S. Dale & Son* (Miss.) 67 So. 659, and cases cited.

(2) It is next contended that appellee could only have a lien on each car for the repairs placed on it and that inasmuch as the account sued on does not separate the items and show upon which car they should be placed, that appellee is not entitled to a lien. We can not agree with counsel for appellant in this contention under the facts in this case. This is not a case where different persons are asserting superior rights to the repair man. One corporation sold the three cars to the Avens. They knew that they were to be used in the livery business and that it would be necessary to make repairs on them from time to time to keep them in running order. Under these circumstances, the items furnished constitute only one transaction. They were furnished within the time prescribed by the statutes during which the lien could be filed

and appellee's claim for a lien is not barred by the statute of limitations.

(3) Finally it is insisted that the placing of the casings on the machines does not come within the meaning of the statute allowing wheelwrights a lien for labor done and materials furnished by them, and in this contention the majority of the court think that counsel for appellant are right.

Counsel for appellee to sustain the judgment relies upon the case of *Kansas City Automobile School Company* v. *Holcker-Elberg Mfg. Co.* (Kansas City Court of Appeals, Mo.), 182 S. W. 759. In that case a lien was allowed for furnishing and placing the body of an automobile upon its chassis. The word "chassis" means the frame work of the automobile, including wheels, tank, motor and general running gear. It was urged that the body of the automobile is an entirely separate article from its chassis and that there could be no lien. The court held that the making and fixing of the body to the chassis permanently necessarily involved some work on the latter. The court said that the work if well done added value to the chassis and made a complete machine. The majority of the court thinks this authority is rather against appellee than in his favor, for it requires a skilled mechanic to put the body of an automobile upon its chassis and it necessarily requires several persons to do it and tools especially prepared for that purpose.

The evidence in the present case shows that appellee took the tires off of the old rims, placed the inner tubes in new casings and then placed the casings on the rims of the wheels. The casing is then locked on the wheels with a device furnished for that purpose and the tire is inflated to its proper capacity. The casing that has been fitted to the rim is placed on the wheel of the car and fastened on by the locks on the wheels. Neither the casings nor the inner tubes are made by the repair man but necessarily are furnished to him by manufacturers. They are made of rubber and could not be manufactured by any ordinary automobile repair shop. Tools are furnished with an au-

tomobile so that the owner can take off and put on new tires at will. It does not require a skilled mechanic to do the work. When new casings or inner tubes are bought and placed upon the wheels by the repair man this work is usually a mere incident to the purchase of the casings and tubes. For these reasons the majority of the court is of the opinion that appellee should not be allowed a lien for the casings and inner tubes furnished.

The writer is of the contrary opinion. The statute gives the repair man a lien for labor and for all materials furnished by him. When the repair man fitted the casings or inner tubes on the machines they became a permanent part of them and were as necessary to the proper operation of the machines as any other part of them. In short, they became a permanent part of the machines, and the repair man should have a lien under the statute, not only for his work but for the materials furnished by him.

For the error in allowing a lien for the inner tubes and casings furnished, the judgment must be reversed and the cause remanded for a new trial.

HART, J., (on rehearing). Counsel in his motion for rehearing re-argues the question of whether or not Pearson acquired a lien for the placing of the casings on the machine and relies mainly upon a recent decision by the Supreme Court of Oregon in the case of *Courts* v. *Clark,* 164 Pac. 714, to support his contention. The statute under consideration in that case provides that every automobile repairer who has expended labor, skill and materials on any chattel at the request of its owner shall have a lien upon said chattel for the contract price of such expenditure notwithstanding the fact that the possession of such chattel has been surrendered to the owner thereof. Courts was engaged in selling and repairing automobile tires and casings. He had laborers who removed old tires and casings from motor vehicles and put on new ones. The court held that he was an automobile repairer within the meaning of the term as used in the statute and was entitled to the benefits of the lien given

by it although no separate charge was made for the labor of his employees for prying off the old tires and putting on the new ones. The court based its decision on the fact that the tires were essential to the completion of the vehicle for the purpose for which it was designed and that the laborers in prying off the old tires and putting on the new ones were restoring it to its former condition. The majority of the court does not agree with the reasoning of the court in that case. They think that the main business of Pearson in the present case was to sell tires, casings, etc., for motor vehicles and that the service of his employees in taking off the old tires or casings and putting on the new ones was merely an incident to his business and did not constitute him a wheelwright within the meaning of our statutes. They think that our statutes contemplate the performance of labor and skill on the vehicle as a prerequisite to the lien and where the parts are merely furnished and no charge is made for attaching them to the vehicle as in the present case, that the person furnishing the parts does not secure the benefits of a lien under the statute.

Therefore the motion for rehearing will be denied.