CORNING MOTOR COMPANY *v.* WHITE.

Opinion delivered February 14, 1927.

SALES—RETENTION OF TITLE OF AUTOMOBILE—REPAIRER'S LIEN.—The lien of the seller of an automobile for the balance of the unpaid purchase price under a contract retaining title *held* superior to that of an automobile repairer, under Crawford & Moses' Dig., § 6874.

Appeal from Randolph Circuit Court; *John C. Ashley*, Judge; reversed.

*Oliver & Oliver*, for appellant.

KIRBY, J. Appellant motor company made a conditional sale of a Ford automobile to one Ben Godfrey, retaining the title until paid for, and the purchaser took the car to the shop and garage of appellee for repairs, and, upon his failure to pay the charges therefor, appellee retained possession of the car, claiming a lien thereon for repairs. The purchaser failed to pay for the car, and appellant did not know of its whereabouts until the 20th day of May, 1925, when appellee notified him he had it in his possession, and claimed a lien for repairs and for storage thereon.

After demand made, appellant brought suit in replevin, on the 22d day of May, for the car. Appellee denied that plaintiff was entitled to the possession of the car, that he wrongfully detained same, and that plaintiff was damaged by such wrongful detention, and, by way of cross-complaint, set up a claim for $45.45 for labor and repairs on said automobile and $25 for storage. Appellee retained possession of the car, giving bond for performance of the judgment of the court.

A trial in the justice court resulted in defendant's favor, and, on appeal, the judgment was rendered in appellant's favor for the car or its value, specifying the amount thereof, and against appellant on the cross-complaint for $25 for storage, and from this judgment the appeal is prosecuted.

Appellant contends that there is no testimony to support the verdict on the cross-complaint, and that the court

erred in submitting the question of the recovery to the jury. This contention is correct. There is no testimony whatever showing that appellant knew that its car was in the possession of appellee, or in his storage room, until he was notified of that fact by appellee the day before he brought replevin, after appellee had refused to surrender the possession of the car on demand. Appellee also stated that he would not have released the possession of the car upon demand any time before, except upon payment of the amount due for repairs for which he claimed a lien.

In *Lowe Auto Co.* v. *Winkler,* 127 Ark. 433, 191 S. W. 927, in an action for replevin to recover possession of an automobile held by a garage company for payment of repair bill, the court held the owner entitled to the possession of the car, regardless of any lien defendant might have on it for repairs, saying: "In *Shelton* v. *Little Rock Auto Co.,* 103 Ark. 142, 146 S. W. 129 we held that the act of 1899, *supra,* was repealed by act 147, p. 259, of April 15, 1903, and that the remedy prescribed in the latter statute must be pursued. The decision in the case just cited related only to the remedy, but it necessarily follows that, if the remedy prescribed by that statute was swept away by the subsequent enactment of the Legislature, the lien itself, which arose under the common law, was also superseded by the statutory lien. It was said in the opinion in the case just cited that the act of April 15, 1903, covered the whole subject, and is inconsistent with the provisions of the former statute, and it necessarily follows from that conclusion that the lien created by the common-law was superseded by the one created by the statute."

In *Webber Implement & Auto Co.* v. *Pearson,* 132 Ark. 101, 200 S. W. 273, it was held as stated in the first paragraph of the syllabus: "A repair man who performs labor and does repair upon an automobile has a lien for his labor which takes precedence over the rights of a conditional vendor." The court cited *Gardner* v. *First National Bank of DeQueen,* 122 Ark. 464, 184 S. W. 51,

where it was held a blacksmith or wheelwright, who had made repairs on the wagons and shod the horses mortgaged, but allowed by the mortgagee to remain in the possession of the mortgagor and be used by him, had a lien superior to the lien of the mortgage.

Since this decision was rendered, act approved February 27, 1919, was passed, and § 9 thereof has become § 6874, C. & M. Digest of the Statutes. This act provides for liens of blacksmiths, wheelwrights and automobile repairers, the enforcement of such liens covers the whole subject, and, in so far as it is inconsistent with the provisions of former laws and decisions construing same, repeals them. It still recognizes the superiority of the lien over mortgages, where the property is permitted to remain in possession of and be used by the mortgagor, but expressly provides that the lien upon automobiles for repairs shall be subject to the lien or claim of the vendor of automobiles, trucks, tractors and all other motor-propelled conveyances retaining title thereto for any claim or balance of purchase money due thereon, necessarily repealing statutes and constructions thereof in conflict therewith.

Appellee had no right therefore to retain the possession of the car against the demand of the vendor for possession under the unconditional sale, the purchase money therefor not having been fully paid, and the undisputed testimony shows that the appellant demanded possession of the automobile immediately after he ascertained that appellee had it. There was no testimony warranting the submission of the question of liability for payment for repairs and storage to the jury, and none supporting the verdict rendered therefor on the cross-complaint.

The judgment is reversed accordingly, and the cause dismissed as to the cross-complaint.