PARAGOULD MOTOR COMPANY *v.* McDONALD.

Opinion delivered June 29, 1931.

*Huddleston & Hughes,* for appellant.

*Jeff Bratton,* for appellee.

KIRBY, J., (after stating the facts). Appellant challenges the validity of the act giving the justice of the peace jurisdiction to enforce statutory liens of the kind claimed herein as unconstitutional; and claims also that the circuit court erred in not making one J. L. Dacus a party to whom it claimed it had sold and delivered the truck before the filing of the lien and suit, a party defendant.

The lien claimed, and for the enforcement of which the suit was brought in the justice court, is one given by statute, act of February 27, 1919 (§ 6866, Crawford & Moses' Digest) ; and the jurisdiction to enforce the lien is conferred upon justices of the peace by an amendment to § 8, of said statute (§ 6873, Crawford & Moses' Digest) by act of February 28, 1923, which provides:

"Liens accruing under the foregoing provisions of the act may be enforced at any time within four months after such accounts are filed, by suits in the chancery courts of the county or in the municipal courts of the counties having such courts, or by justices of the peace of the township in which the action would accrue in coun-

ties having no municipal courts, and the cause shall proceed to judgment and final disposition as other matters of equitable cognizance and jurisdiction.''

In *Shelton* v. *Little Rock Auto Co.*, 103 Ark. 142, 146 S. W. 129, in an action to enforce a laborer's lien for repairing an automobile for an amount in excess of $300, this court only held that the justice court was without jurisdiction, because the amount claimed to be due was greater than $300, the maximum amount of such court's jurisdiction as limited by the Constitution. It was also held there that the act of April 15, 1903, repealed the act of March 16, 1899, and that the laborer's common-law lien was superseded by the statutory lien.

In *Lowe Auto Co.* v. *Winkler*, 127 Ark. 433, 191 S. W. 927, the court held that the laborer or mechanic repairing an automobile or furnishing supplies therefor was without right to recover and hold possession of the repaired automobile upon which he may have had a lien until the amount was paid, as was the case in regard to common-law liens. It was also held that such lien could not be enforced by a counterclaim in the suit for the possession of the car, no lien claim having been previously filed with the clerk.

In *Corning Motor Co.* v. *White*, 173 Ark. 144, 293 S. W. 46, it was held that the lien of the seller of an automobile for the balance of the unpaid purchase price under a contract retaining the title until the purchase money was paid was superior to that of an automobile repairer as provided in the statute, § 6874, Crawford & Moses Digest.

The undisputed testimony shows that the amount claimed to be due and for which the lien was sought to be enforced is correct, and also that the claim of lien was duly filed with the clerk of the circuit court in accordance with the statute on the day the suit was brought; and that the truck upon which the repairs were made for which the lien is claimed was in the possession and control of the appellant company according to the finding of the jury.

The statute giving justices of the peace jurisdiction to enforce the lien given by statute in cases of this kind was not an attempt to confer equity jurisdiction upon such courts but only an authorization of such courts to enforce such liens, and is not in conflict with the Constitution or beyond the power of the Legislature to provide, so long as the amount sued for is within the limitation placed on such courts by the Constitution.

Appellant cannot complain of any error, if there was such, in determining the cause without J. L. Dacus, to whom it claimed to have sold the truck under such circumstances as to have made him an innocent purchaser thereof, since it did not ask to have him made a party to the suit at the time of the trial.

We find no error in the record, and the judgment is affirmed.