IRA BOND *v.* PAUL E. DUDLEY AND ROY MOORE,
d/b/a DUDLEY & MOORE AUTO SALES, A PARTNERSHIP

5-4506                                          426 S. W. 2d 780

Opinion delivered April 8, 1968
[Rehearing denied May 6, 1968.]

*Douglas Bradley*, for appellant.

*H. L. Methvin* and *Frank Lady*, for appellees.

JOHN A. FOGLEMAN, Justice. This appeal questions the priority of a security interest for purchase money of an automobile over a lien of a repairman. The judgment appealed from was entered in favor of appellees in their suit to replevy the motor vehicle from appellant. The evidence showed that appellees, used automobile dealers, sold the car to Randall and Deena (Dinky) Bishop on April 12, 1965 for $1,237.53, payable at $12.50 per week. A title retaining contract signed by the Bishops was filed with the Motor Vehicle Division of the Arkansas Revenue Department, and the certificate of title dated June 17, 1965, reflected a lien in favor of appellees. Subsequently, on January 8, 1966, without the knowledge or consent of appellees, the purchasers had repair work done by appellant. The total cost of the parts and labor was $140.97, of which the Bishops paid only $20. Appellant kept the vehicle in his possession until February 14, 1966, when it was taken on the writ issued on the complaint of appellees. Appellant asserted his lien and prayed for the return of the vehicle or its value.

As his first ground for reversal, appellant asserts that the Uniform Commercial Code gives priority to his lien over the claim of appellees. In order to determine the question thus posed, it becomes necessary that we examine pertinent sections from the Secured Transactions Chapter of the Uniform Commercial Code. Ark. Stat. Ann. § 85-9-310 (Add. 1961) reads as follows:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon

goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.''

Section 85-9-102(2) provides:

''This Article [chapter] applies to security interests created by contract including pledge, assignment, chattel mortgage, chattel trust, trust deed, factor's lien, equipment trust, conditional sale, trust receipt, other lien or title retention contract and lease or consignment intended as security. This Article [chapter] does not apply to statutory liens except as provided in Section 9-310 [§ 85-9-310].''

The lien asserted by appellant is based upon Ark. Stat. Ann. § 51-412 (1947) which reads:

''Priority of lien.—The lien herein provided for shall take precedence over and be superior to any mortgage or other obligation attaching against said property in all cases where the holder of such mortgage or other obligation shall permit such property to remain in the possession and be used by the person owing and bound for the amount thereof; provided, that the lien herein provided for shall be subject to the lien of a vendor of automobiles, trucks, tractors and all other motor propelling conveyances retaining title therein, for any claim for balance of purchase money due thereon; provided, further, that said lien shall not take precedent [precedence] over a bona fide purchaser for value of any such automobile, truck, tractor and other motor propelled conveyances without notice either actual or constructive. [Acts 1919, No. 140, § 9, p. 123; * * *.]''

Appellant asserts the priority of his lien upon the

contention that it is a common law lien not dependent on statute, citing *Gardner* v. *First National Bank,* 122 Ark. 464, 184 S. W. 51. On the other hand, appellees say that the right to the lien is entirely statutory, citing *Commercial Credit Company* v. *Hayes-Lamb Motor Co.,* 174 Ark. 945, 298 S. W. 217.

In the absence of any statute on the subject, a common law lien in favor of mechanics repairing automobiles was recognized in Arkansas. It has been held, however, that the lien which arose under the common law was superseded by the statutory lien created by Act 147 of 1903 (Kirby's Digest 5013—5016). *J. M. Lowe Auto Co.* v. *Winkler,* 127 Ark. 433, 191 S. W. 927. That act was, in turn, superseded by Act 140 of 1919 [Ark. Stat. Ann. § 51-402—51-412]. Consequently, the lien of appellant is a statutory lien in the sense of Ark. Stat. Ann. § 85-9-310.

Appellant contends, however, that the security interest of a seller under the Uniform Commercial Code does not constitute the lien of a vendor of automobiles retaining title for his claim for a balance of the purchase money under § 51-412. We do not agree. To so hold would put form above substance. The mere fact that the lien of a conditional sale contract is now called a security interest does not so destroy its identity or character as to render nugatory the otherwise applicable proviso in the artisan's lien statute. Our position is substantiated by the comment on § 85-9-310 in which the Code draftsmen say, "Some of the statutes creating such liens expressly make the lien subordinate to a prior security interest. This section does not repeal such statutory provisions." At the time this comment was written it is unlikely that any state statute classified the lien of a vendor under a title retaining contract as a "security interest." This name for the various classes of liens now included within its scope probably came into existence through the drafting of the Code.

A similar result has been reached by the Supreme

Court of Alaska under a statute making the artisan's lien on a motor vehicle subordinate to conditional sales contracts properly filed before the vehicle comes into possession of the lien claimant. *Decker* v. *Aurora Motors, Inc.,* 409 P. 2d 603 (Alaska 1966). The Superior Court of New Jersey, appellate division, has also reached the same result. *National State Bank of Newark* v. *Rapp,* 90 N. J., Super 300, 217 A. 2d 325.

Neither *Corbin Deposit Bank* v. *King,* 384 S. W. 2d 302 (Ky. 1964), *Schleimer* v. *Arrowhead Garage, Inc.,* 46 Misc. 2d 607, 260 NYS 2d 271 (1965), nor *Westlake Finance Co.* v. *Spearmon,* 64 Ill. App. 2d 342, 213 N. E. 2d 80 (1965), cited by appellant, are persuasive because of differences in the applicable repairman's lien statutes. The Kentucky court said that its statute contained no provision subordinating its lien to an earlier security interest. Reference to the statute discloses no provision making the lien subject to any other lien by any name or designation. The garageman's lien statute involved in the New York case specifically makes the lien superior to a security interest. The Illinois statute made the lien subject only to the lien of a bona fide chattel mortgage previously recorded. While Illinois case law had extended the chattel mortgage priority to the holder in due course of a conditional sales contract, the Illinois court held that its statute did not *expressly* make the lien subordinate to a conditional sale contract, as required by the Uniform Commercial Code.

Appellant also contends that appellees failed to prove that they had a lien or other interest in the automobile to support their possessory action. This argument is based largely on his contention that the title certificate and note were not properly introduced as evidence. Appellee Moore identified a photostatic copy of the title certificate. After appellant objected to the introduction of the copy, the witness explained that appellees had again sold the vehicle and had endorsed the original certificate to show this sale and that the cer-

tificate had then been sent to the "State of Arkansas." The witness also testified from and identified a photostatic copy of the title retaining note. The record recites that these instruments were handed to the court without any objection being made by appellant. Both the witness and his counsel referred to the instruments, and the witness read from the note. While the instruments were not marked as exhibits, it is obvious that the court and all of the parties considered that they were in evidence and so treated them. While the judgment does not specifically state that the court considered these instruments as exhibits, its specific findings that the automobile was sold on April 12, 1965, to Bishop under a title retaining sales contract signed by the Bishops and filed with the Motor Vehicle Division of the Arkansas Revenue Department, that the title issued by that division showed a lien for $1,237.53, and that the balance due appellees was $900, clearly show that these instruments were considered by the court.

In a trial before the court without a jury, this procedure was sufficient to constitute an introduction of the documents in evidence in absence of any objection by appellant to excerpts therefrom being read by the witness or to their being handed to the trial judge. In *Austin Western Road Machinery Co.* v. *Blair,* 190 Ark. 996, 82 S. W. 2d 528, it was contended on appeal that a pertinent county court order was not introduced in evidence. We said:

"* * * It is insisted that the order last mentioned was not introduced by appellee. This contention is based on the fact that the testimony fails to show that the order was read in open court. The evidence is to the effect that the clerk was requested to turn to a certain page of a particular record of the court and to read the order. He answered, 'This order is dated June 16, 1930, calling in all county warrants,' and, when asked whether or not the warrant involved (No. 91) was shown to have been filed, re-

issued, and classified, he answered in the negative. The appellant was present by attorney who had the opportunity to examine the record and might have had the order read if he so desired. We are of the opinion that this was a sufficient introduction of the order.''

It is apparent that the parties understood that the validity of appellees' lien was not an issue in the case. The real issue was the priority of the liens. This is clearly shown by this colloquy among the trial judge and the attorneys at the conclusion of the hearing:

''COURT: I believe the only issue before the court is which lien has the priority?

MR. METHVIN: Yes, sir.

COURT: I believe the burden of proof is upon the defendant, isn't it?

MR. METHVIN: Yes, sir.

MR. BRADLEY: Why the defendant?

COURT: Because in your answer you claim a lien in preference of the lien claimed by the plaintiff.

MR. BRADLEY: He alleged the lien in the first place.

COURT: That is true, but you don't deny he had a lien for the purchase price. You just state your lien comes before the lien for the purchase price.

MR. BRADLEY: I don't think it makes much difference.

MR. METHVIN: This is a rather vital question and if your honor would like us to submit short written briefs on it, I wouldn't mind doing that. This

thing involves not only this sale, but many other sales.

COURT: Do you want to submit the question on written briefs or argue it?

MR. BRADLEY: I would rather argue it and get it over with.

COURT: All right. You may proceed."

Appellees' attorney had made an opening statement reciting the execution and filing of the title retaining note and the issuance of the title certificate showing the lien of appellees. He also stated that his clients contended that the purchase price lien shown in the certificate was prior and superior to the lien claimed by appellant, but that appellant contended that his lien had priority. Appellant's counsel responded that he did not see any point in making a statement.

While appellant's attorney did not specifically agree that the question of priority was the only issue, he certainly had a duty to advise the trial judge if he disagreed. His silence constituted at least a tacit acquiescence in the judge's statements relative to the issues and burden. A party, by his conduct during the trial, may effectively abandon an issue made by the pleadings, so that he cannot rely on it in this court. *Arkansas Real Estate Company, Inc.* v. *Keaton*, 215 Ark. 179, 220 S. W. 2d 129.

Cases from other jurisdictions making an application of the rules stated in the *Keaton* case are appropriate and particularly applicable to this situation. Where a party causes a court to understand that certain facts are admitted, he cannot object to a hearing being conducted on the basis of that understanding. *Sundgren* v. *Sundgren*, 363 P. 2d 853 (Okla. 1961). Even though an issue is made by the pleadings, a failure of

the party appealing to mention it on oral argument or to discuss it in briefs in the trial court prevents his raising the question on appeal. *Shockley* v. *Abbott Supply Company,* 50 Del. 510, 135 A. 2d 607 (1957). Where a case arising from a motor vehicle collision was tried on the assumption that there was no issue as to the death of a driver of the defendant's vehicle, and there was no contention that proof thereof could not have been readily afforded had anyone considered it necessary, appellant could not raise the argument on appeal that there was no direct proof of death. *Neilsen* v. *Uyechi,* 172 Cal. App. 2d 508, 342 P. 2d 329 (1959).

The failure of appellant to question the court's statement as to the only issue before the court would certainly have led the trial court to understand that no issue was being made as to the proof of appellees' security interest.

We think that the evidence was sufficient to support the judgment, but even if it were not, appellant's conduct justified the court in proceeding upon the theory that the only issue to be determined was that pertaining to priority of liens.

The judgment is affirmed.

BYRD, J., concurs.