The Honorable Mark Riable State Representative 16611 Burlington Road Little Rock, Arkansas 72211
Dear Representative Riable:
This is in response to your request for an opinion regarding the following question:
 Whether Act 1042 of 1993 in any way affects mechanics' or artisans' possessory liens?
In my opinion, the answer to your question is "no."
Act 1042 of 1993 prohibits the subleasing or transfer of a motor vehicle that is subject to a lease contract, an installment sales agreement, or a security agreement without the consent of the vehicle's lessor, seller, or secured party. I assume that your question refers to whether a person (either owner or lessee), whose vehicle becomes subject to an artisans' lien because of unpaid repair work, can be charged with a violation of Act 1042. For the reasons outlined herein, it is my belief that such a person cannot be charged with a violation of the act.
Artisans' liens are provided for by statutes which are codified at A.C.A. § 18-45-101 et seq. (1987). Under A.C.A. §18-45-201 (1987), all automobile repairmen "who have furnished any materials or parts for the repair of any vehicle . . . if unpaid, shall have an absolute lien upon the product or object of their labor, repair . . ." Additionally, pursuant to A.C.A. §18-45-101(a) (1987), artisans who hold personalty by virtue of a lien may sell the personalty for satisfaction of the debt. And, under A.C.A. § 18-45-202(b) (1987), an artisans' lien is subject to the lien of a vendor of a motor vehicle.
An argument could be made that artisans' liens are a "transfer" within the meaning of the act and therefore prohibited by it. Section 2 of the act sets forth the elements necessary for proving a violation. One such element appears in Section 2(a)(3) and reads as follows:
 The person transfers of assigns, or purports to transfer or assign, a right or an interest in the vehicle to a person who is not a party to the lease contract, installment sales agreement, or security agreement. [emphasis added].
The term "transfer" is defined in the act under Section 1(5) and states in pertinent part the following:
 `Transfer' means to transfer possession, whether or not another right is also transferred, by means of a sale, lease, sublease, lease assignment, or other property transfer. [emphasis added].
While artisans' liens would not qualify as a sale, lease, sublease, or lease assignment, an argument could be made that an artisan's lien falls within the scope of the definition of "transfer" as an "other property transfer," where the repairman either retains possession and sells the vehicle, or institutes a separate legal action to enforce his lien. However, it is my opinion that the phrase "other property transfer" implies a volitional transfer. Since artisans' liens are not of such a volitional nature, it is doubtful whether they would be construed to fall within this method of "transfer," as set forth in Section 1(5) of the Act.
Another element necessary for proving a violation of Act 1042 is set forth in Section 2(a)(5) which states that a person must receive compensation for the transfer described in Section 2(a)(3). Because a person whose vehicle is subjected to an artisan's lien receives no compensation for the transfer, this element would also appear to be inapplicable to scenarios involving artisans' liens.
In sum, an argument could be made that an artisan's lien falls within Act 1042 as a prohibited "transfer," within the definition of "other property transfer," as appears in Section 1(5) of the act. It is my opinion, however, that such an argument lacks a strong basis because artisans' liens do not meet the elements necessary for proving a violation of the act, as set forth in Section 2(a). Additionally, since artisans' liens, pursuant to A.C.A. § 18-45-202(b) (1987), are already subordinate to the lien of a vendor of an automobile who retains title to the automobile for the balance of the purchase money owing thereon, it seems unlikely that the General Assembly intended artisans' liens to be affected by Act 1042 in such cases, as vendors are already protected in that instance. See also Bond v. Dudley,244 Ark. 568, 426 S.W.2d 780 (1968). For all of the reasons stated herein, it is my belief that artisans' liens are unaffected by the passage of Act 1042.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh