CHARITABLE ASSOCIATION IN THE MIDDLE PARISH IN GRANVILLE *vs.* LYMAN BALDWIN.

Where a suit is commenced and prosecuted by a corporation, by direction of its officers *de facto*—no other persons claiming a right to act as its officers— the defendant cannot be permitted to show, for the purpose of procuring the suit to be dismissed, that those officers were illegally elected.

Where a suit is brought in the name of the party to whom a promise was actually made, a mistake in the name of the promisee, as described in the promise, furnishes no ground of defence to the promisor.

ASSUMPSIT on two promissory notes, one for $200, and the other for $100, given to the plaintiffs by the defendant. One of said notes was made payable to "the Charitable Association," without further designation of the payees.

The case was submitted to the court on a statement made by the parties, to the following effect : Timothy Robinson and others, and their associates, were made a body corporate by *St.* 1797, c. 29, (2 Special Laws, 185,) under the name of " The Charitable Association in the Middle Parish in the town of Granville." In the preamble of this statute, it is set forth that livers persons in Granville had associated for the purpose of supporting the preaching of the gospel in said parish, and were desirous of being enabled to raise and manage a common fund for that purpose. Before the passing of this statute, viz. on the 1st of June, 1796, the associates thereby incorporated had subscribed certain articles of association, two of which were in substance as follows :· 1st. That the associates would annually choose a committee of three or more, whose duty it should be to aid and advise Elihu Adkins, trustee of said associates, or his successor in that office : 2d. That said trustee or his successor, with the advice of the advising committee, should have

power, and that it should be their duty, at any time when they should find any associate about to remove from the town of Granville, or for any other just cause, to commence a suit against any associate, and collect his note, &c. ; but that such associate, when thus sued, might cause the suit to be stopped, by paying cost and satisfying the trustee, or a majority of the advising committee, " that the money is safe "; or, if he should think the trustee or committee unreasonable in demanding security, he might appeal to the proprietors of the fund, whose decision should be final.

It appears from a book purporting to be the records of said corporation (the plaintiffs) that at its first meeting, March 10th, 1800, it was " voted, that the advising committee post up notifications, fourteen days, at two or more public places, before the time set for calling future meetings." It does not appear that the clerk, chosen at this meeting, was sworn.

The following votes, &c. also appear in said book : March 12th, 1810. " Voted that the advising committee shall issue a warrant to the clerk, for the purpose of warning future meetings relative to the fund." To the entry of the choice of clerk at this meeting, and also at the meeting, April 1st, 1839, is added the word *sworn*. March 12th, 1822. " Voted to accept the report of the committee on the subject of voters, viz. that the original donors are voters ; that all purchasers of the entire estate of a donor, with the understanding of the donor and purchaser, that the purchaser succeed to all rights in the fund, be a voter ; that an heir, in order to become a voter, must be the sole heir, or he must have the consent in writing of all the other heirs that he shall be the sole voter ; and the voter shall always be an inhabitant of the middle parish ; that no person, by purchase or heirship, shall be a voter, unless he be, at the time, an inhabitant of the middle parish." The article in the warrant calling the meeting at which the foregoing report was made, was in these words — " to act on the report of the committee chosen to ascertain who were to be considered legal voters at the meetings of said association." March 23d, 1835 " Voted that all persons who now are, and shall hereafter

be legal voters in town affairs in the town of Granville, and that reside in the middle parish in said town, and belong : ɔ or are members of the congregational society in said parish, and shall have subscribed their names to the constitution of the Charitable Association in said parish, shall be members of said association, so long as they reside in said parish and continue members of said congregational society." The articles in the warrant calling the meeting at which this vote passed, were " to choose the officers of said association," and " to do all other business proper then and there to be done."

After this vote, twenty individuals signed said articles, attended the meetings and took part in the proceedings and votes of said association, no other vote having passed recognizing them as members. Among these individuals is the person who has assumed to be clerk of the association since September 14th, 1837, also the moderator of two of the meetings at which the clerk is alleged to have been chosen, and also the agent under whose direction this suit is prosecuted. Said agent has a certificate, from said clerk, of a vote appointing him agent with authority to prosecute this suit ; some of these individuals, claiming to be members under said vote of March 23d, 1835, voted upon the question of appointing said agent, and also in the choice of the successive advising committees.

The trustee of the association, who was chosen in 1839, was not an original signer of the articles of association, and it does not appear how or when he signed them ; but he was chosen one of the advising committee, in 1821. A majority of the advising committee for 1839, in which year this suit was commenced, and the trustee for the preceding year, by whom the meeting was warned, and also the committee, by whom it was called, became members of the association, if at all, by the vote of March 23d, 1835. The defendant has been a member of the association, and still continues such, if it now has a legal existence.

The $ 200 note now in suit was given by the defendant, as a substitute for notes formerly given by his father and brother, on a joint subscription by him and them to the funds of the asso-

ciation ; and the $100 note was given for money borrowed of the association.

The advising committee gave their advice or consent that the present suit should be commenced, by putting down the names of the persons whose notes were to be secured, and directing the trustee to attend to them ; but such direction was not given in writing ; and the plaintiffs' attorney appears in this case by direction of the committee whose names are on the record of the association.

It was agreed by the parties that the plaintiffs should become · nonsuit, if said committee could not legally authorize said attorney to appear ; or if neither he nor the plaintiffs be legally entitled to prosecute this action ; or if, from any cause appearing from the facts above stated, and from the records and articles of association, notes ·declared upon, and act of incorporation, (all of which are part of the case) this action cannot be maintained upon legal principles ; but that the defendant should be defaulted, if the plaintiffs are legally entitled to recover.

*Boise* and *Leonard*, for the defendant. The 4th section of the act incorporating the plaintiffs (*St.* 1797, *c.* 29) directs that their votes and proceedings shall be kept and recorded by a clerk sworn to the faithful discharge of his duty. Their records do not show, and there is no other evidence, that the clerk was sworn, for several years, nor by whom, when sworn at all. His entries, therefore, furnish no evidence of the due organization of the corporation, or of the legality of its proceedings, or even of its meetings.

The original articles of association are, by virtue of the plaintiffs' act of incorporation, binding rules for their government. But the advice of the advising committee was not given according to those articles, before this suit was commenced.

There is no provision in the plaintiffs' act of incorporation for the admission of new members ; and they cannot rightfully be admitted by mere vote, from time to time. The plaintiffs should have established a by-law on the subject, constituting a fundamental rule of the association. The plaintiffs had no authority to pass the vote of March, 1835, admitting all the mem-

Charitable Association in Middle Granville v. Baldwin.

bers of the parish who should subscribe the original articles, and thereby giving the whole power of the association to a different body, viz. the congregational parish. Besides the want of authority to pass such a vote under any circumstances, there was no article in the warrant for the meeting at which it was passed, that authorized any vote respecting new members.

If the advising committee had conformed to the original articles, in directing this suit, yet the proceedings of the plaintiffs have been such as show that the committee was not legally chosen, and had no power to act at all. It is not admitted by the defendant that the association has any longer a corporate existence.

The note for $100 being made payable to the Charitable Association, without describing the payees further, the plaintiffs cannot maintain an action upon it.

*W. G. Bates*, for the plaintiffs. There is no evidence that the original articles of association, now produced, are those which are supposed to be referred to in the preamble to the plaintiffs' act of incorporation. Nor does that preamble, either expressly or by necessary implication, refer to any *articles* of association. It merely sets forth that certain persons had associated, &c. Nor is there any evidence that the corporation ever adopted those articles.

The original articles directed that suits should be commenced by Elihu Adkins or his successor, under the advice of a committee. This cannot be a binding rule under the act of incorporation. But if that rule were binding, and if the trustee chosen by the corporation be the *successor* of the trustee of the unincorporated associates, yet it would not avail the defendant in this case. He should have appealed to the proprietors of the fund, according to the original articles.

The court will not, in this suit, inquire into the regularity of the election of the officers of the corporation.

DEWEY, J. The principal question raised in this case is as to the authority of those, who are conducting the present action, to institute the suit and prosecute the same to final judgment in the name of the plaintiffs. The defendant contends that by

virtue of the articles of association of the original members of the Charitable Association in Middle Granville, which preceded the act incorporating the plaintiffs, and, as is said, by force and effect of their charter became incorporated with the same for the future government of the association, no suit could be instituted upon promissory notes given to the association, except with the advice and consent of the major part of the advising committee of said association—a committee to be chosen by the association annually. It is then further contended that the present organization of the association is illegal and in violation of the articles of association, and the provisions of the act of incorporation, inasmuch as persons not competent to become members have been admitted, and acted as such at the annual meetings ; and that the present advising committee were chosen by the votes of persons not legal members ; and that the majority of the individuals composing said advising committee were not eligible as such, not being legal members. The defendant insists that for these causes the persons composing said committee are not empowered to act in the matter of instituting actions on the promissory notes given to the association, and that the present suit, having been instituted without the advice and consent of any legal advising committee, was instituted without authority, and in violation of the rights of the defendant, and ought therefore to be dismissed.

In the view we have taken of this case, we have not thought it necessary to determine what effect should be given to the by-law, or article of association under consideration, if a suit had been instituted upon one of the notes of the association without the advice and consent of those acting as the advising committee. Whether this by-law merely enjoins a duty upon the officers of the corporation rather than secures a privilege to the debtors, and if a privilege, whether it was not to be construed as a collateral agreement, which under the decisions of this court in *Dow* v. *Tuttle*, 4 Mass. 414, and *Allen* v. *Kimball*, 23 Pick., would not bar the present action, but leave the party to recover his damages in a cross action, would, in such a state of the facts, require our particular consideration. But it seems to the court

that those questions cannot be properly raised in the present case. The case finds that at the regular annual meeting of this association, an agent and an advising committee were declared to be regularly chosen, and that the persons thus chosen are the individuals who have advised and consented to this suit. These persons are, *de facto*, the agents and advising committee ; and the case does not show that any other individuals claim to hold these offices, or to have been legally elected to them, or to assert any rights as such. The persons composing the advising committee being then officers *de facto*, and no other persons claiming the right to act in that capacity, it is not competent for the defendant to resist the payment of his notes, upon the ground that the committee were not duly elected, and are not legally authorized to act as such. The defendant cannot, we think, thus raise the question of the legality of the election of the present officers of the corporation, or of the authority of the corporation to alter their by-laws regulating the admission of members and prescribing their qualifications.

An independent objection was taken to one of the notes sought to be recovered in this action, that, upon the face of it, it was not made payable to the plaintiffs by their appropriate name. It is not denied that the plaintiffs were the parties to whom the promise was intended to be made, but merely that there is a misnomer of the payee. This objection cannot avail the defendant. Where the parties to a contract can be ascertained, and the suit is instituted in the name of the real party, a mistake in the name of the promisee, as described in the promise, will not furnish any ground of defence. *Medway Cotton Manufactory* v. *Adams*, 10 Mass. 360. *Commercial Bank* v. *French*, 21 Pick. 490. *City of Lowell* v. *Morse*, (*post.* 473.)

Upon the whole matter, the court perceive no sufficient reason why the plaintiffs should not maintain their action.

*Defendant defaulted.*