JOHN W. CLARK *v.* J. B. WELLS.

*Trover. Conditional Sale: Property by Accession.*

H. bought a stage-wagon of B. upon condition that it should remain B.'s till paid for. The plaintiff repaired it for H. by supplying new wheels and putting in new iron axles. H. wrongfully took it from the plaintiff's possession without paying for repairs. A few days thereafter, the plaintiff took H.'s note for the repairs, with an agreement that the "running part" of said wagon should remain his till said note was paid. H. never paid B. for the wagon, but the plaintiff knew nothing of B.'s claim. B., knowing the wagon had been repaired, but not knowing by whom, took it back from H. and sold it to the defendant, who knew nothing of the plaintiff's claim till long after his purchase. *Held*, that the plaintiff could maintain trover for said wheels and axles.

TROVER for the running part of a stage-wagon. Plea, the general issue, and trial by the court, September term, 1871, PECK, J., presiding.

Harrington purchased said wagon of Bridgman, upon condition that it should remain Bridgman's property till paid for. After Harrington had had it awhile, he took it to the plaintiff's shop for repairs, and the plaintiff repaired it by adding new wheels and new iron axles in place of the old ones, and attached the same thereto by means of the old clips and nuts. The old axle stocks were used on the new axles. Except as aforesaid, the wagon remained the same as when purchased by Harrington. After it was repaired, Harrington took it from the plaintiff's shop without the plaintiff's knowledge or consent. A few days thereafter, the plaintiff saw Harrington, and took his note for the amount of said repairs, with an agreement thereunder written that the " running part" of said wagon should be and remain the

property of the plaintiff until said note was paid. The plaintiff had no knowledge of Bridgman's claim, was unacquainted with Harrington,—who was in fact unworthy of credit,—knew nothing of his pecuniary ability, and would not have permitted him to take the wagon from his shop without paying for the repairs, had he known when he came for it; and the plaintiff never acquiesced in his taking it as he did, but always intended to enforce his lien thereon, or retain title to the wheels and axles furnished by him; and the court found that the plaintiff never parted with his title thereto.

After the wagon was repaired, Bridgman, never having been paid therefor, knowing it had been repaired, but not knowing by whom, and having no knowledge of the plaintiff's claim, took it back from Harrington, and sold it to the defendant, who had no knowledge of the plaintiff's claim till long after his purchase. The iron axles put in by the plaintiff could easily be detached from the axle stocks without injury to any part of the wagon. The court rendered judgment for the plaintiff for the value of the wheels and axles furnished by him as aforesaid; to which the defendant excepted.

*C. H. Heath*, for the defendant.

This is not a case of confusion of goods. 1 Hilliard on Torts, 550; *Haseltine* v. *Stockwell*, 30 Me. 237; *Bryant* v. *Ware*, Ib. 295. Nor a commixture of goods. But it is rather a case of repairs of the wagon, and of a substitution of some new parts for old parts which had been taken out and converted by the plaintiff without the knowledge or consent of the real owner. The question arises between the *bona fide* purchaser of the running part of the wagon and the plaintiff, who took away the old running part without the knowledge or consent of the true owner, and substituted the new, upon which he claims a lien by virtue of a pretended conditional sale by a third person. Mont. Liens, 86, and Appendix, 99. Harrington had no right to destroy the old wagon, or any part of it, nor could he give that right to another. Ib. 68; *Hiscox* v. *Greenwood*, 4 Esp. 174. Neither had he any ownership, as against Bridgman or the defendant, of any part of

the wagon, whether old or new, for Bridgman's lien run on the whole of it. It was the same wagon after the repairs that it was before. Its identity was not thereby destroyed.

*Heaton & Reed*, for the plaintiff.

Harrington wrongfully took the wagon from the plaintiff's possession, and no right accrued to him thereby, or to any one else, except upon paying for the repairs. *Silsbury* v. *M'Coon*, 3 Comst. 379, 390, and Hill's notes, 381–2–3. The doctrine of confusion and accession applies only in cases of fraud of the one making the confusion. *Ryder* v. *Hathaway*, 21 Pick. 298; *Pratt* v. *Bryant et al.* 20 Vt. 333. But here there has been no confusion, and no accession. The property can be easily distinguished and separated. Hence no change of property has taken place. Story Bailm. §40; 2 Kent Com. 364–5. This was a conditional sale, and not a lien of a workman for work on the thing bailed. No question can therefore arise as to the lien. Story Bailm. §440.

The opinion of the court was delivered by

REDFIELD, J. This action is trover for the alleged conversion of the wheels and axles of a wagon.

The case shows that a stage-wagon was sold by Bridgman to Harrington, with the condition that said wagon was to remain the property of said Bridgman until the price was paid; and that the purchase money was never paid. That, afterwards, at the instance of Harrington, plaintiff repaired said wagon by substituting new wheels and axles, for the old.

That Harrington took the wagon, thus repaired, from plaintiff's shop, without his knowledge or consent. Afterwards, Harrington gave his note to the plaintiff for such repairs, with the condition and agreement that the running part of said wagon should remain the property of the plaintiff until said note was paid. Bridgman thereafter took possession of the wagon, with the new gear added by plaintiff, and sold it to the defendant, without knowledge of plaintiff's claim.

The defendant is a *bona fide* purchaser without notice of any right or equity on the part of the plaintiff. The plaintiff's lien

for repairs upon the wagon was personal, and was waived by allowing the wagon to go back into Harrington's possession, and taking his note for the repairs, and security upon the parts of the wagon supplied by himself. He must, therefore, stand upon the *contract* between himself and Harrington.

We think the ordinary repairs upon a personal chattel, such as making new bolts, nuts, thills, and the like, become accretions to, and merge in, the principal thing, and become the property of the general owner. But in *this case,* the wheels and axles constitute the *running part* of the wagon. They could be followed, identified, severed without detriment to the wagon, and appropriated to other use without loss. The plaintiff was the owner, and never parted with the property. He had the right to resume possession when Harrington failed to pay the note. The property remained in him as perfectly as if, in the exigency of a broken wheel, or axle, he had loaned them for temporary use. Without questioning the main position of defendant's counsel, we think under the facts stated in this case, the property in those wheels and axle continued in the plaintiff, and that an action lies for the conversion.

Judgment affirmed.