## JOHN M. HATSTAT *vs.* EDWARD S. BLAKESLEE.

In the service of a writ of attachment, levied on personal property, a copy was left with the defendant only eleven days before the session of the court, the law requiring twelve; but the defendant appeared and submitted to a judgment against him without objecting by plea or otherwise to the defective service. Held that the provision as to the time within which the copy should be left with the defendant was for the benefit of the defendant only, and that he could waive it at his pleasure, and that he had done so in the present case, and that another party who claimed an interest in the property attached could not avail himself of the defective service to set aside the attachment.

The rule of law that the retention of possession of personal property by the vendor is conclusive evidence of a colorable sale, is a rule of policy required for the prevention of fraud, and is to be inflexibly maintained.

REPLEVIN to recover personal property unlawfully detained; brought to the Court of Common Pleas in New Haven County, and tried on an issue closed to the court, before *Stoddard, J.* Facts found and the finding made a part of the record. Judgment for the defendant, and motion in error by the plaintiff. The case is sufficiently stated in the opinion.

*Stone,* for the plaintiff.

*Webster* and *O'Neil* for the defendant.

PARDEE, J.   The plaintiff having a debt against Charles D. Whaples took a wagon in payment, removed it to his own premises, and kept it there for five days, when he returned it to the possession of Whaples to be painted and repaired, who retained it in the same place and condition as before and at the time of the purchase, though without using it, for six months, and until it was attached by the defendant as the property of Whaples, to secure a debt in his favor against Whaples and another.   The defendant had no knowledge that the plaintiff had ever owned the wagon.

In *Norton* v. *Doolittle,* 32 Conn., 411, this court said that " purchasers must learn and understand that if they purchase property and without a legal excuse permit the possession to remain in fact or apparently and visibly the same, or, if changed for a brief period, to be in fact or apparently and visibly restored, and thereafter in fact or apparently and visibly continued as before the sale, they hazard its loss by attachment for the debts of the vendor, as still, to the view of the world, and in the eye of the law, as it looks to the rights of creditors and the prevention of fraud, his property."

This rule of law, that the retention of possession of personal property by the vendor is conclusive evidence of a colorable sale, is a rule of policy, required for the prevention of fraud, and is to be inflexibly maintained.

By operation of this rule, the claim of the plaintiff upon this wagon must yield to that of the defendant, an attaching creditor without notice.

The writ upon which Blakeslee attached the wagon was

made returnable to the city court of Waterbury on the first Monday of May, 1873; the service of the copy upon the defendants therein named was made eleven days only, the law requiring twelve, before the session of the court. The defendants entered their appearance in the cause in court on the return day and submitted themselves to the judgment thereof upon the merits of the claim of Blakeslee against them, without availing themselves by plea or otherwise of the irregularity in the service of the copy, and judgment was rendered against them in favor of Blakeslee for $166.87 debt and $30.63 costs, which is still unpaid.

Hatstat took the wagon from Blakeslee's possession upon a writ of replevin on the 23d day of April, 1873, and claims that the irregularity in the service of the copy rendered Blakeslee's attachment null and void, and that therefore he has a right to hold it as against Blakeslee.

The provision of law requiring a copy of Blakeslee's writ of attachment to be given to the defendants therein named twelve days before the return day, is for their benefit and protection, and is one which they could insist upon or waive at their pleasure. In *Fowler* v. *Bishop*, 32 Conn., 199, this court said: " If the action had originally been brought to the Superior Court by a process defectively served, or even if there had been no service whatever, and the defendant had chosen to appear, and had taken no advantage of the defective service or the total want of it, and the case had proceeded to trial upon its merits, it is clear that the want of service would be waived and the jurisdiction of the court over the case would have been ample."

The case before us shows a legal claim in behalf of Blakeslee against Whaples ; an attachment of the wagon in good faith; and the prosecution of the claim to final judgment in a court having jurisdiction, without any more substantial departure from the legal mode prescribed for enabling a party to obtain the benefit of his attachment than the slight irregularity of service which occurred without Blakeslee's consent or knowledge and was waived by the party injured by it.

Herein we see no opportunity given to Hatstat to inter-

meddle with or impeach Blakeslee's right to levy an execution upon the wagon in satisfaction of his debt. *Kincaid* v. *Neall*, 3 McCord, 201; *Camberford* v. *Hall*, id., 345; *McBride* v. *Floyd*, 2 Bailey, 209; *Van Arsdale* v. *Krum*, 9 Missouri, 397.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.