FRANKLIN SERVICE STATIONS, INC. *vs.* STERLING MOTOR
TRUCK CO. OF N. E.

NOVEMBER 15, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

STEARNS, C. J. This is an action of trover to recover the value of two automobile tires. The pleas are the general issue and a special plea in the nature of estoppel. Jury trial was waived and the decision by the trial justice was for the defendant. To this decision plaintiff took exception and now is in this court on bill of exceptions.

Plaintiff, a dealer in automobile and truck tires, on May 29, 1928, sold to one George Penta two 40 x 14 heavy, solid rubber automobile truck tires and rings for $385 under a conditional sale contract. By the terms of the contract the vendee was to pay for the tires in monthly installments, and title thereto was not to vest in the vendee until the purchase price was paid in full. As a part of the transaction, and without extra charge, plaintiff removed two old tires from the wheels of an automobile truck owned by Penta and replaced them with two new tires. The truck was subject

to a chattel mortgage from Penta to the defendant, executed and recorded in September, 1927. The description of part of the property covered by the mortgage is as follows: "One certain 5 ton Kelly Springfield Motor Truck, bearing factory serial No. 76112 together with all accessories and attachments thereto and all equipment thereof, together with all added and substituted parts and equipment placed upon said property during the life of this mortgage, whether because of necessity, repairs or otherwise." In October, 1928, Penta had failed for a considerable period to make the required payments due by the terms of the mortgage and the conditional sale. The defendant then took possession of the truck. In November, 1928, plaintiff, learning that the tires in question were on Penta's truck then in defendant's possession, informed the latter of the facts and offered to remove the tires and replace them with other tires which plaintiff claimed were as good as those it had removed; plaintiff did not offer to return the same tires which it had removed from Penta's truck. The defendant refused to deliver the tires or to allow them to be removed and this action in trover was then brought to recover for the value of the tires at the time of the demand and refusal.

Plaintiff is liable to defendant for the value of the old tires which it converted, but it is not estopped to assert its title in the new tires. Defendant claims title to the new tires by virtue of the right of accession. In Bouvier's Law Dictionary accession is defined as the right to all which one's own property produces, whether that property be removable or immovable, and the right to that which is united to it by accessory, either naturally or artificially. The nature of this right to acquire the property of another by its joinder with the owner's own property is complex and no rule, general and precise, to cover all cases has ever been formulated. In some instances the relative value of the principal property to that which is added to it is the decisive element. One test frequently applied is whether the added property or materials can be identified. An important and

controlling consideration often is whether the addition is such that it is separable and severable from the principal thing without damage. In the instant case we think the new tires did not become a part of the mortgage security, and the property of the mortgagee when he took possession. These tires were not an integral and permanent part of the truck; they were temporary and separable attachments on the moving parts of the truck; they could be removed without injury to the truck and used elsewhere. In *Clark* v. *Wells*, 45 Vt. 4, H bought a wagon of B upon condition that title should remain in B until it was paid for. The plaintiff repaired the wagon for H by adding rim wheels and iron axles in place of the old ones, and attached the same by means of the old clips and nuts. H wrongfully took the wagon after it was repaired without paying for the repairs. Plaintiff, a few days later, took H's note for the repairs, with the condition and agreement that the moving part of the wagon should remain the property of the plaintiff until the note was paid. B thereafter took possession of the wagon and sold it to defendant; neither B nor defendant was aware of plaintiff's claim. It was held that property in the wheels and axles remained in the plaintiff and that an action in trover for their conversion by defendant would lie. In *Hallman* v. *Dothan Foundry & Machine Co.*, 17 Ala. App. Rep. 152, the action was detinue. Plaintiff relied for recovery on a mortgage executed by one Wilson and duly recorded. This mortgage described one Ford motor and frame with "A. Smith Ford—a—truck attached, the attachment this day delivered to him." The mortgage was given to secure the purchase price of a truck attachment which plaintiff had sold to Wilson. Plaintiff, by direction of Wilson, attached the truck body to a Ford chassis which Wilson brought to him. This body was attached to the chassis by bolts with nuts screwed on and was readily removable from the chassis by unscrewing the nuts and removing the bolts. Defendant relied on an earlier mortgage of the Ford automobile, including the

chassis, made by Wilson to one Harris and duly recorded. It was admitted that the truck body was attached to the chassis after the first mortgage was given by Wilson. The mortgage to Harris was unpaid as was also the purchase price to plaintiff. Harris took possession of the automobile with the truck body thereon and sold it to defendant. Thereafter plaintiff made a demand on defendant for the truck body which was refused. On appeal from a judgment for the plaintiff it was held that the attachment of the truck body to the chassis did not destroy its identity so as to place the title thereto in the defendant and judgment for the plaintiff was affirmed.

The automobile today is often assembled with parts bought from different dealers, which are separable and replaceable. This practice and course of business must be considered on the question of accession as applied to automobiles.

We are of the opinion, as already expressed, that the mortgagee did not have title to the tires in question.

The exception of plaintiff is sustained. As the value of the tires at the time of the demand has not been determined, the case is remitted to the Superior Court for a new trial on that question only.

*Comstock & Canning, Andrew P. Quinn,* for plaintiff.
*Terence M. O'Reilly,* for defendant.