MOTOR CREDIT COMPANY v. SMITH.

Opinion delivered February 24, 1930.

*Duty & Duty,* for appellant.

*John Mayes,* for appellee.

BUTLER, J. The facts in this case are not in dispute. The appellant became the owner of a conditional sales contract, under the terms of which title was retained in an automobile until the purchase price was paid. During the time the purchaser remained in possession of the car under his conditional sales contract, he bought certain casings and inner tubes to place on the car from the appellee, title to which was retained by the appellee until purchase price thereof should be paid. The purchaser made default in his payment on the purchase price of the car, and the appellant repossessed the same under the conditional sales contract, the casings and inner tubes in question being on the car at that time, and having been used for some time without being paid for.

The appellee brought an action in replevin for the casings and inner tubes in the court of justice of the peace. An appeal was taken from the judgment of that court to the circuit court, where the case was tried, and the court rendered judgment for $35 in favor of the appellee, from which judgment is this appeal.

The amount involved is small, but the principle is important. It is the contention of the appellant, that where personal property is sold under a conditional sales contract, as the automobile in question, and the buyer purchases and places accessories thereon, that such accessories so added to the subject-matter of the conditional sale, becomes the property of the seller by "accession," and, as between the party who furnishes the accessories and the seller of the automobile, the accessories become the property of the latter when the auto-

mobile is reclaimed for the non-payment of the purchase price.

Where such accessories become a component part of the chattel and so incorporated as to be incapable of separation without injury to the whole, they merge in the principal thing, and become the property of the owner. It might be said that ordinarily casings would become component parts of an automobile to which they are attached, where the rights of third persons do not intervene, and the cases cited by the appellant appear to support that view.

The case of *Blackwood Tire Co.* v. *Auto Storage Co.,* 133 Tenn. 515, 182 S. W. 576, L. R. A. 1916E, 254, Ann. Cas. 1917C, 1168, held that where an automobile is sold, and title retained by the seller until the purchase price is paid, and the purchaser buys and attaches casings to the machine, and, in default of payment of the purchase price of the machine, it is retaken by the seller, such casings become a part of the machine by accession, and the purchaser of the machine cannot detach them from the same upon the seller retaking the machine for default in the payment of the purchase price. In that case, however, attention was called to the fact, that the seller of the parts had not retained title in them, and for that reason the writer of the opinion distinguished that case from the case *of Clark* v. *Wells,* 45 Vt. 4. The other cases cited by the appellant, *Baugham Auto Co.* v. *Emanuel,* 137 Ga. 354, 735 E. 511, 38 L. R. A. (N. S.) 824, *Small* v. *Robinson,* 69 Me. 425, 31 Am. Rep. 299, and *Shaw* v. *Webb,* 131 Tenn. 173, 174 S. W. 273, L. R. 1915 D, 1141, Ann. Cas. 1916 A, 626, are cases holding the title of a seller of an automobile under conditional sales contract is superior to the lien of a mechanic for repairs made. We think an analysis of those cases shows that they have no application to the facts in the instant case.

The appellant also relies upon § 6874 of Crawford & Moses' Digest for a reversal of this case. By § 6866 of Crawford & Moses' Digest a mechanic, making re-

pairs upon an automobile, is given a laborer's lien, and sellers of parts are likewise given a lien in the nature of a materialman's lien. By § 6874, *supra*, these liens are made subject to that of a vendor of an automobile retaining title for balance of purchase money due thereon. This section can have no application in the instant case, because there is no question of liens involved, the question being which, if either, of two sellers of chattels, both retaining title for payment of the purchase price, shall be preferred to the other. The cases of this court cited by the appellant, *Corning Motors Co.* v. *White*, 173 Ark. 144, 293 S. W. 46, and *Lowe Auto Co.* v. *Winkler*, 127 Ark. 433, 191 S. W. 927, merely construe and uphold the proviso in § 6874, *supra*, while the case of *Shelton* v. *Little Rock Auto Co.*, 103 Ark. 142, 146 S. W. 129, is not in point, as that is a case brought by a mechanic to enforce a lien for work done upon an automobile under an act prior to that of § 6866, *supra*, in which the court held that the mechanic had no lien.

Berry, in his work on Automobiles, (6th ed.) vol. 2, § 1806, lays down the rule that "where the seller of an automobile under a contract of conditional sale retakes the automobile upon default of the buyer to keep the terms of the contract, he is entitled to any tires or other replacements which the purchaser placed on the machine while it was in his possession, *provided the title to such parts passed to the purchaser* when he acquired them."

An application of the above rule was made in the case of *Clark* v. *Wells*, 45 Vt. 4, 12 Am. Rep. 187, where one having possession of a stage coach, engaged a wheelwright to put new wheels and axles on the same, the title to such wheels and axles being retained by the wheelwright until the price thereof had been paid. A third person purchased the stage coach and sought to hold the wheels and axles under the doctrine of accession, and in an action between him and the wheelwright the court held that the doctrine of accession did not apply for the reason

that the seller of the wheels and axles had never parted with title thereto.

We can see no difference in principle in the case last cited from that of the instant case, or why the rights of a seller under a conditional sales agreement should be different in chattels of one species than another. The reason in any case for the recovery of the thing sold or its value is that the seller has not parted with the ownership. This right ought not to be defeated merely because the thing sold has been attached to another object, unless from the nature of its destined use and manner in which it is attached, a separation cannot be made without injury to such other object, or its remaining component parts.

This appears to the effect of the rule announced in Berry on Automobiles and in *Clark* v. *Wells, supra,* and which we approve.

Therefore, as casings and inner tubes can be detached from an automobile without injury to its remaining parts, the seller of such will not be defeated in an action for their recovery or value, title having been retained by him, and default of payment of purchase price having been made the ground that these articles have been affixed by the purchaser in the proper place upon an automobile, also purchased by him under a like contract as were the parts, and that such automobile had been repossessed by its conditional seller. Such being our conclusion, it follows that the judgment of the circuit court must be, and is hereby affirmed.