HARRY HODES, PLAINTIFF-APPELLANT, v. FRANK MOONEY ET. AL,, DEFENDANTS-RESPONDENTS.

Submitted May 16, 1930—Decided November 19, 1930.

Before Justices CASE, DALY and DONGES.

For the appellant, *Hodes & Hodes, Herbert A. Kuvin* and *Harry Green.*

For the respondents, *Berlin & Berlin.*

PER CURIAM.

This appeal brings up a judgment for defendant Frank Mooney in a replevin proceeding in the Second District Court

of the city of Newark upon the following facts: On December 8th, 1927, one Kliner executed to one Gussie Labowitch and Frank Mooney a chattel mortgage, which on March 13th, 1929, was canceled of record. On March 12th, 1929, Kliner executed another chattel mortgage to Gussie Labowitch, alone, on the same chattels as scheduled in the mortgage of December 8th, 1927. This chattel mortgage contained, amongst other things, a provision as follows:

"The entire stock of stationery, candy, confections and cigars; all wall cases; one cigar case; two candy cases; one marble soda fountain and all fixtures appertaining to the fountain; three tables, nine chairs; all glass, fruit bowls; spoons and all other utensils used in and about the premises in its operation; and all other goods and fixtures to be acquired in the future; and also lease now held by said Abraham Morris Kliner covering said premises."

On March 16th, 1929, four days after the execution of the chattel mortgage, Kliner executed a conditional sales agreement with plaintiff for the purchase of a new soda fountain, which agreement contained the following provision:

"And it is expressly understood that the said Harry Hodes neither parts with, nor do the undersigned acquire any title to the said apparatus until the said installments or payments represented by said note or several notes are fully paid."

The soda fountain and accessories were delivered to the premises of Kliner on April 15th, 1929. On February 5th, 1930, Kliner defaulted under the terms and provisions of the conditional sales agreement by failing to pay one of a series of notes. On February 24th, 1930, Gussie Labowitch foreclosed her chattel mortgage and held a sale thereunder, and at such sale the chattels in the premises mentioned were sold by the constable to the defendant-respondent Frank Mooney who received from the constable a bill of sale containing this clause:

"Being only the right, title and interest of Abraham Morris Kliner. Said right, title and interest being hereby conveyed by virtue of the foreclosure of a certain chattel mort-

gage made by Abraham Morris Kliner to Gussie Labowitch bearing date March 12th, 1929, and recorded in the register's office of Essex county on March 12th, 1929, in Book 486 of chattel mortgages on pages 148, 150."

On February 25th, one day after the sale, plaintiff-appellant made a demand upon Frank Mooney for the fountain and appurtenances. On February 26th, 1930, the conditional sales agreement was filed in the Essex county register's office. It further appeared that the soda fountain which was in the premises at the time of the execution of the chattel mortgage and of the sales agreement was still in the premises but not in use, having been replaced by the one now in suit.

The sole question is whether Mooney acquired any right in the soda fountain by the sale under the chattel mortgage superior to the rights of the conditional vendor.

It will be noted that the mortgage preceded the conditional sale and that the provision of the mortgage with reference to the future covered only "after acquired property." Upon reasoning as well as authority, it seems clear that the property was never acquired by the mortgagor and, therefore, the lien of the mortgage never attached to such property. Acquisition of title was a condition precedent to its becoming subject to the mortgage. *General Electric Co.* v. *Transit Equipment Co.,* 57 *N. J. Eq.* 460 (at *p.* 470); *Hudson Savings Institution* v. *Carr-Curran Paper Mills Co.,* 58 *N. J. Eq.* 59, 70.

The rights of a purchaser at a sale under a chattel mortgage cannot be superior to those of the mortgagee.

The judgment is reversed, and as the whole record is before us, judgment for the appellant, plaintiff, and against the respondents may be entered in this court, with costs. *Cum. Supp. Comp. Stat., p.* 983, § 213a; *National Bank* v. *Berrall,* 70 *N. J. L.* 757; *Shuster* v. *Arena,* 83 *Id.* 79; *Kendal* v. *Guterl,* 84 *Id.* 533; *Hurey* v. *Leavitt,* 93 *Id.* 299.