## THE TIRE SHOP *vs.* SAMUEL PEAT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 7th—decided June 21st, 1932.

*Harry Koletsky*, for the appellant (defendant).

*Paul J. Goldstein*, for the appellee (plaintiff).

MALTBIE, C. J.   On March 30th, 1931, the defendant sold William Carney an automobile truck under a conditional bill of sale which was duly recorded. This provided that title to the car "including all parts, accessories and equipment now or hereafter attached to or used in connection with said car, shall belong to and the title to said car shall be and remain in the seller"; it required the purchaser to maintain the car in good order and repair; and the purchaser agreed "that any added or substituted parts, body or equipment, placed upon the car during the life of this agreement, whether because of necessary repairs or otherwise, shall be and become a component part thereof and shall be included in the term car as used herein."   On or about August 4th, 1931, the plaintiff, while the car was in the possession of Carney, sold him four tires and tubes which were mounted upon the wheels of the car by means of detachable rims.   These tires and tubes were sold under a conditional bill of sale duly recorded which contained

a provision: "It is expressly and distinctly understood and agreed by and between purchaser and seller herein that the tires shall not in any event become a component part of the car, truck, and/or any motor vehicle upon which they are attached or placed but shall in all events be and remain the separate and distinct property of the seller herein until fully paid." By his failure to make the payments to the plaintiff under the bill of sale of the tires and tubes, Carney, on August 18th, 1931, breached his agreement with it. On August 30th, 1931, he breached his agreement with the defendant, and thereafter the latter took possession of the car. On September 16th, 1931, the plaintiff demanded the tires and tubes of Carney, but was informed that they were in the possession of the defendant, having been affixed to the truck when the defendant took it. Thereupon the plaintiff demanded the tires and tubes of the defendant, but the defendant refused to deliver them to it. This action was then begun and judgment was given for the plaintiff to recover their value, agreed to be $60, from which judgment the defendant has appealed.

When the plaintiff sold the tires and tubes to Carney, it was chargeable with notice of the defendant's duly recorded bill of sale. It is true it was not a subsequent purchaser of the car, creditor or lienor claiming the title to or a lien upon it in its entirety; but it entered into dealings with Carney in relation to it in such a manner that its rights might be affected by the terms of the bill of sale. The recording of the bill of sale therefore put it on notice of the terms contained in it. *Liquid Carbonic Co.* v. *Black,* 102 Conn. 390, 394, 128 Atl. 514; *Larue* v. *American Diesel Engine Co.,* 176 Ind. 609, 621, 96 N. E. 772; *Bullock Electric Mfg. Co.* v. *Lehigh Valley Traction Co.,* 231 Pa. St. 129, 135, 80 Atl. 568. The question then is, can the

plaintiff, charged with knowledge of the terms of the defendant's bill of sale, assert a right to reclaim the tires and tubes under its own conditional sale of them.

While the authorities are not in harmony, we regard the weight of reason to be with those which hold, at least in the absence of express provision concerning after-acquired equipment, that the conditional vendor of a car, on repossessing it, takes only such title as the purchaser had in parts or equipment sold to him under a conditional bill of sale, which are as easily and readily detachable as tires and tubes. *Clark* v. *Wells,* 45 Vt. 4; *Bousquet* v. *Mack Motor Truck Co.,* 269 Mass. 200, 168 N. E. 800; *Motor Credit Co.* v. *Smith,* 181 Ark. 127, 24 S. W. (2d) 974, 68 A. L. R. 1239; *K. C. Tire Co.* v. *Way Motor Co.,* 143 Okl. 87, 287 Pac. 993; *Hallman* v. *Dothan Foundry & Machine Co.,* 17 Ala. App. 152, 82 So. 642; 2 Berry, Automobiles, § 1806. The thorough briefs of counsel cite only two cases where the bills of sale contained provisions like that in the one before us as to equipment or parts subsequently added to the automobile sold, but while both of these uphold the rights of the conditional vendor of the tires in question, the reasoning of the opinions is not altogether satisfactory. *Franklin Service Stations, Inc.* v. *Sterling Motor Truck Co.,* 50 R. I. 336, 147 Atl. 754; *Clarke* v. *Johnson,* 43 Nev. 359, 187 Pac. 510. In the analogous case of the rights of a mortgagee under a mortgage in terms covering after-acquired property attached to and used in connection with the subject-matter of the mortgage, the weight of authority is that the mortgage will not prevail over the rights of the conditional vendor of personal property which is easily detachable, without injury to or substantial change in the property mortgaged. *Holt* v. *Henley,* 232 U. S. 637, 641, 34 Sup. Ct. 459, 58 L. Ed. 767; *United States* v. *New Orleans & O. R. Co.,* 79

U. S. (12 Wall.) 362, 364; *Davis* v. *Bliss*, 187 N. Y. 77, 83, 79 N. E. 851; *Hodes* v. *Mooney* (N. J.) 152 Atl. 205; *Wood* v. *Holly Mfg. Co.*, 100 Ala. 326, 351, 13 So. 948; note, 37 L. R. A. (N. S.) 124; 1 Jones, Mortgages (8th Ed.) § 545. To some extent, however, decisions reaching this result are based upon equitable considerations having no place in the case before us.

We base our decision upon these grounds: The relationship between the vendor and vendee under such a bill of sale of an automobile as the one before us gives rise to a bailment. It is possible for them freely to enter into contract obligations as to the subject-matter of the sale and as to after-acquired parts or equipment which will be binding upon them. A provision by which title to such equipment placed on the car by the vendee will pass to the vendor is a contract for the sale of future goods, valid under the Sales Act. General Statutes, § 4625. To a certain extent the parties may affect the rights of third persons who enter into agreements with the vendee; the contract may contain limitations of the right of the vendee to deal with the property which may limit the operation of such agreements as regards a third person charged with notice of the terms of the sale by its record. But this principle cannot help the defendant here because, if we should construe the contract, as claimed by him, to give Carney no right to purchase tires or tubes for the car under such circumstances as would give the seller of them rights superior to those of the defendant, while the latter might disavow the purchase, he could not, on familiar principles, affirm the purchase and disaffirm the conditions upon which it was made. 2 C. J. 481. The defendant might have refused to take the tires and tubes, but having taken them he could not, upon the basis we are discussing, repudiate the conditions under which they were bought.

The defendant makes a broader claim, that, by the terms of the sale of the automobile to Carney, the tires and tubes became subject to the provision that added or substituted parts or equipment placed upon the car are to become a component part of it and are included in the term "car" as used in the bill of sale, and that therefore the plaintiff, when the tires and tubes were attached to the car, lost all right or interest in them. But while the defendant and Carney were free to make this agreement between themselves, they could not by its terms bind third persons not parties to it. *Davis* v. *Bliss, supra.* Title to the tires and tubes could pass to the defendant only through Carney and he could pass only such title as he acquired in them by their purchase. *Wood* v. *Holly Mfg. Co., United States* v. *New Orleans & O. R. Co.,* and *Hodes* v. *Mooney, supra.* But Carney never did acquire any property in them which was not subordinate to the plaintiff's rights. It necessarily follows that the defendant could only acquire a property in them subject to those rights. The doctrine of title by accession does not apply to the equipment of a car which the buyer and seller do not intend to be merged into its structure and which is clearly distinguishable, and as readily detachable from it as are tires and tubes. *Franklin Service Stations, Inc.* v. *Sterling Motor Truck Co.,* 50 R. I. 336, 147 Atl. 754; *Bousquet* v. *Mack Motor Truck Co.,* 269 Mass. 200, 168 N. E. 800.

While the defendant, on repossessing the car, had the right to take with it the tires and tubes, it could do so only subordinate to the terms of the plaintiff's conditional bill of sale. We do not regard this ruling as substantially against public interest or dangerous to ordinary business practices. The bill of sale of added equipment must be recorded in the town clerk's office in the town where the vendee lives, just as must be the

bill of sale of the automobile itself; it follows, there-
fore, that any person desiring to purchase the car or
acquire any interest in it has just as full means of
knowledge as to the terms of the conditional bill of
sale of the equipment as of those of the bill of sale of
the automobile. It works no injustice to the vendor
of the automobile, but rather the contrary, because
under it, he is entitled to take additional equipment
added to the car or new parts or equipment substi-
tuted for old, and to have the benefit of such pay-
ments toward their purchase as the vendee has made

There is no error.

In this opinion the other judges concurred.