CHARTER OAK LUMBER COMPANY *vs.* P. BERRY & SONS, INCORPORATED, ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 3d—decided July 30th, 1936.

*David A. Wilson,* with whom was *Leon J. Greenberg,* for the appellant (plaintiff).

*Louis H. Katz,* for the appellees (defendants).

BANKS, J.  On July 7th, 1933, Pasquale Scavone purchased from Charles B. Simmons, doing business as Browning-Simmons, certain bar fixtures under a conditional bill of sale which was duly recorded and the fixtures installed in Scavone's tavern.  The purchase price of the property was $521.65, of which $300 was paid in cash, and four promissory notes of $55.42,

payable one each week, were given in payment of the balance. The last of these notes fell due August 14th, 1933, and remained unpaid. On November 23d, 1933, the conditional bill of sale and the unpaid note were assigned by the then owner to the plaintiff, and the assignment was duly recorded. Scavone was then indebted to the plaintiff in the sum of $198 for material furnished in fitting up his tavern. On the following day the plaintiff notified Scavone of the assignment and demanded possession of the property. Shortly thereafter Scavone agreed to surrender the property to the plaintiff, and the latter, in consideration of such surrender, cancelled his indebtedness of $198 and that represented by the unpaid note of $55.42. The plaintiff made arrangements to have the fixtures disconnected and taken away on November 29th. On November 28th a representative of the defendant called at Scavone's tavern and was told by him that the plaintiff had bought the fixtures and was coming to take them away. The defendant attached them that night in an action in which it later obtained judgment against Scavone, and the fixtures were sold at a sheriff's sale to satisfy the judgment. The trial court held that the arrangement made by Scavone and the plaintiff for the surrender of the property to the latter was in violation of the provisions of the law regarding property sold upon a conditional contract of sale, and that the property, remaining in the physical possession of Scavone, was subject to attachment by the defendant.

The only interest that Scavone had at any time in these bar fixtures was that of a conditional vendee. The title remained in the conditional vendor and later vested in the plaintiff as his assignee. By the terms of the conditional bill of sale, upon default in any of the weekly payments, the conditional vendor was en-

titled to immediate possession of the property which the conditional vendee promised to deliver on demand. There was a default in the payment of the final note, and the plaintiff, as assignee of the conditional vendor, thereupon became entitled to the immediate possession of the property. It made demand upon Scavone for such possession and the latter agreed to surrender it. Before the fixtures were actually disconnected and removed from Scavone's tavern, the defendant attached them. It supports its right to do so under the doctrine that retention of possession by the vendor of personal property after a sale renders the sale constructively fraudulent, and the property subject to attachment by his creditors. That doctrine was not applicable to the situation here present. Scavone was never the owner of this property. He had an equitable interest as conditional vendee. This interest was subject to attachment, General Statutes, § 5721, but an attaching creditor would take it subject to the rights of the conditional vendor. *Collins* v. *Lewis,* 111 Conn. 299, 302, 149 Atl. 668. Prior to the defendant's attachment, Scavone, being in default under his conditional sale contract, had surrendered his interest in the fixtures to the plaintiff. He no longer had any interest in them which was subject to attachment by his creditors. The plaintiff had an absolute title to them and was entitled to immediate possession. That the actual possession had not been transferred to the plaintiff when defendant attached the property did not validate its attachment of the property as that of Scavone.

This transaction was not a sale of the fixtures by Scavone to the plaintiff. It was merely a surrender of his interest as conditional vendee which the plaintiff had the right to demand in view of his default. The object of the rule requiring a change of possession upon a sale of personal property is the prevention of

fraud. Creditors of the vendor are entitled to rely upon his continued possession of the property as indicating his continued ownership. Creditors of Scavone had constructive notice that his interest in the fixtures was only that of a conditional vendee, and it is found that the defendant had actual notice that he had surrendered that interest to the plaintiff as assignee of the conditional vendor. The plaintiff was the absolute owner of this property at the time of the defendant's attachment, and its attachment and subsequent sale to satisfy the defendant's claim against Scavone constituted a conversion of the property. The trial court has found that the value of the property was $350.

There is error, and the case is remanded with direction to enter judgment in favor of the plaintiff for $350 with interest from November 28th, 1933.

In this opinion HINMAN and AVERY, Js., concurred.

MALTBIE, C. J. (concurring). The majority opinion states that the conditional bill of sale and the unpaid note were assigned by the then owner (Sarah Crosky) to the plaintiff, and it thus summarily disposes of one of the conclusions of the trial court, that the title of the plaintiff was defective, because the assignment was made by Simmons, who did not then own them. I think it well to explain the reason for overruling this conclusion. The facts were these: Simmons had sold the business, including his rights under the bill of sale and note, to Sarah Crosky. She continued to conduct it under the same name he had used, Browning-Simmons, and continued to employ, as agent and general manager, Charles Leviston, who had been acting in that capacity for Simmons. Leviston, acting as the agent for Sarah Crosky, negotiated the sale of the bill of sale and note to the plaintiff. The assignment of

the bill of sale was signed "Charles B. Simmons, by Charles Leviston, Atty. as Agent as authorized" and the note was indorsed "Browning-Simmons, Charles Leviston, Atty. Duly authorized Agents for Charles B. Simmons. d. b. a. Browning-Simmons."

Leviston in the transaction was really acting for Sarah Crosky, who owned the bill of sale and note. So far as appears the plaintiff either knew this or it was a matter of indifference to it whether it purchased those rights from her or Simmons. Sarah Crosky was the real assignor and the fact that formal assignment of the bill and note purported to be made by Simmons, Leviston acting as his attorney, cannot defeat the real intent of the parties. The plaintiff acquired the rights which Simmons originally had under the bill of sale and the note. *Chestnut-Hill Reservoir Co.* v. *Chase,* 14 Conn. 123, 129; *Lewis* v. *Scoville,* 94 Conn. 79, 85, 108 Atl. 501; *Massaro* v. *Savoy Estates Realty Co.,* 110 Conn. 452, 459, 148 Atl. 342; *Whitney* v. *Wyman,* 101 U. S. 392, 396; *Charitable Association in Middle Granville* v. *Baldwin,* 42 Mass. (1 Met.) 359, 365; *In re Imperial Mercantile Credit Asso.,* L. R. 19 Eq. Cas. 588.

In stating the facts as regards the assignment made between Scavone and the plaintiff after the latter had made demand on him, the majority opinion omits one fact which seems to me of controlling significance in working out the subsequent rights of the parties. In consideration of the cancellation of his indebtedness to the plaintiff, Scavone surrendered all right, title and interest he had in the property included in the bill of sale and agreed to surrender that property, with some other articles. After that Scavone was not holding the property as conditional vendee; he could not, for instance, by paying the balance due, obtain title to it; he was holding it as bailee for the plaintiff. The vice

of the situation would arise, if at all, out of the fact that thereafter the plaintiff permitted Scavone to continue in possession just as he had before, without any outward indication that he had ceased to hold the property as conditional vendee. In other words, any claim an attaching creditor of Scavone might have to hold the goods against the plaintiff would necessarily rest upon the application of the doctrine as to retention of possession of personal property, which applies where a vendor retains possession of goods he has sold without sufficient manifestation by change of possession or otherwise that title to them has passed from him.

The rule concerning the retention of personal property after its sale or other disposition as it developed in our law early came to be one of policy, adopted for the prevention of fraud, that fraud being the possible defeat of the rights of a purchaser or attaching creditor by a fictitious or colorable transaction, the true nature of which it would be extremely difficult or impossible for the purchaser or creditor to prove. *Mills* v. *Camp,* 14 Conn. 219, 226; *Kirkland* v. *Snow,* 20 Conn. 23, 28; *Colt* v. *Ives,* 31 Conn. 35, 36; *Webster* v. *Peck,* 31 Conn. 495, 500; *Norton* v. *Doolittle,* 32 Conn. 405, 410; *Hatstat* v. *Blakeslee,* 41 Conn. 301, 302; *Mead* v. *Noyes,* 44 Conn. 487, 490; *Huebler* v. *Smith,* 62 Conn. 186, 190, 25 Atl. 658. The rule is, "to a certain extent, punitive in its character, creating something in the nature of forfeiture for the violation of the policy of the law." *Colt* v. *Ives,* supra, p. 36. It is "one which has a restricted rather than an extended application, as its very rigor necessarily requires it should have." *Huebler* v. *Smith,* supra, p. 192. It has its proper application where the owner of property creates rights in another without manifesting that fact by change of possession or other lawful means such as the record-

ing of instruments for which provision is made in the statutes. *Adler* v. *Ammerman Furniture Co.,* 100 Conn. 223, 233, 123 Atl. 268.

Under the bill of sale in this case the vendor had the right upon default in payment of any of the notes to immediate possession of the fixtures and Scavone agreed to surrender them on demand. Of this the defendant was chargeable with notice by the recording of the bill of sale. *Tire Shop* v. *Peat,* 115 Conn. 187, 189, 161 Atl. 96. To the right to take possession of them upon default in payment of the last note, the plaintiff succeeded and had made demand upon Scavone for their surrender. It was not necessary that the plaintiff should immediately exercise its right to take possession under penalty of losing its title should the property be sold by Scavone or attached by one of his creditors. Unless the arrangement entered into between the plaintiff and Scavone materially affected the rights of the parties, the defendant by its attachment had no right to hold the property as against the plaintiff. As between the plaintiff and Scavone, the only change brought about by that arrangement was the fact that Scavone thereafter held the fixtures not as conditional vendee but as bailee for the plaintiff. There was no change in the title of the fixtures, which always remained in the vendor and the plaintiff as its successor, and no change in the plaintiff's right to immediate possession of them. No one without actual knowledge of the arrangement could be misled, because the bill of sale providing that the vendor had these rights continued of record; and still less could anyone be misled who had knowledge of the arrangement, as did the defendant. To apply the rule to the situation before us would be an extension not warranted by any need to protect purchasers or at-

taching creditors and would impose a forfeiture without sound reason for doing so.

I agree with the result reached in the majority opinion but think it should be based upon the reason I have given.

In this opinion BROWN, J., concurred.