Peoples Loan & Investment Company *v.* Whittle.

4-6903                                                166 S. W. 2d 1013

Opinion delivered December 21, 1942.

*Heartsill Ragon* and *R. A. Young, Jr.,* for appellant.
*Rains & Rains,* for appellee.

Greenhaw, J. Appellant prosecutes this appeal from a judgment in favor of appellee, the result of litigation instituted by appellee. The judgment was not abstracted and the amount thereof does not appear in the briefs, but appellant states that it was small, being for the alleged value of two automobile casings obtained by appellant from appellee and the proceeds from the sale of a third casing.

Appellant contends that under the terms of the conditional sales contract for the sale of an automobile to

appellee, the three new casings which appellee thereafter purchased and used on the automobile for some time became component parts thereof.

Appellee testified that the new casings were removed and the old casings, which were on the second-hand automobile at the time he purchased it and executed the conditional sales contract, were placed back on the wheels of the car before it was delivered to appellant; that the purchase price of the new casings had not been paid in full at that time, but he thereafter paid the balance due. He contends that he had the right to remove the new casings from the wheels and replace those which were thereon at the time he purchased the car a few months prior thereto.

He further testified that after he had decided he could not pay the balance due on the car and had delivered it to appellant with the old casings thereon, appellant, through duress under threats of a criminal prosecution, obtained from him two of the three new casings and the money he had received from the sale of the third.

Appellant contends, however, that the two new casings and the money received by appellee from the sale of the third casing were turned over to it under an agreement whereby appellee was relieved from further liability under the conditional sales contract. A witness who handled the transaction for appellant denied that the casings and money were obtained through threats of a criminal prosecution. He testified that he told appellee that appellant would not accept the car with the old casings and thereby relieve appellee from liability under the conditional sales contract, but would sue him and seek to obtain a deficiency judgment if the casings and money were not turned over to appellant, and that appellee delivered the casings and money to appellant in order to relieve himself of further civil liability.

Appellant cites the case of *Motor Credit Company v. Smith*, 181 Ark. 127, 24 S. W. 2d 974, 68 A. L. R. 1239, under which authority it contends that the new casings, under the terms of the conditional sales contract, became

component parts of the automobile and the appellee had no right to remove them from the wheels thereof. In that case this court said: "Where such accessories become a component part of the chattel and so incorporated as to be incapable of separation without injury to the whole, they merge in the principal thing, and become the property of the owner. It might be said that ordinarily casings would become component parts of an automobile to which they are attached, where the rights of third persons do not intervene, and the cases cited by the appellant appear to support that view."

This court in the above case quoted with approval from Berry, in his work on Automobiles, (6th ed.) vol. 2, No. 1806, as follows: "Where the seller of an automobile under a contract of conditional sale retakes the automobile upon default of the buyer to keep the terms of the contract, he is entitled to any tires or other replacements which the purchaser placed on the machine while it was in his possession, *provided the title to such parts passed to the purchaser* when he acquired them."

Counsel for appellee contend that in the instant case the title to the casings in question did not pass to the appellee, but remained in the Goodyear Tire & Rubber Company until paid for, and since they had not been paid for in full at the time appellant demanded and received two of these casings and the proceeds from the sale of the third, they were not component parts of the automobile. It is not clear, from the abstract of the evidence, whether appellee had title to the casings in question or title remained in Goodyear Tire & Rubber Company until the purchase price was paid in full. The argument of counsel for appellee on this point is not disputed, and in the absence of abstracted evidence, we are unable to say that there was no substantial evidence to support the verdict of the jury.

In the case of *New York Life Insurance Company* v. *Weeks*, 201 Ark. 1160, 148 S. W. 2nd 330, this court used the following language, citing many cases in support of the statement: "The well settled rule is that in testing the sufficiency of the evidence to support the verdict

of the jury, this court must view the evidence with every reasonable inference arising therefrom in the light most favorable to the appellee, and this court is bound by the most favorable conclusion that may be arrived at in support of the verdict rendered by the jury, and can only determine whether or not there was any substantial evidence to support the verdict."

The instructions were not abstracted, but it is not contended that error was committed in the giving or refusal of instructions. In the case of *Wilson-Ward Co. v. Fleeman,* 169 Ark. 88, 272 S. W. 853, this court said: "The instructions given in the case are not set out in appellant's brief, and it will therefore be conclusively presumed that the case was submitted to the jury under instructions correctly declaring the law."

Judgment affirmed.