70 So.2d 360 (1954)
MOSSLER ACCEPTANCE CO.
v.
NORTON TIRE CO., Inc.
Supreme Court of Florida. Special Division B.
February 9, 1954.
Roberts & Strickland, Miami, for petitioner.
E. Albert Pallot, Miami, for respondent.
SEBRING, Justice.
The petitioner seeks by certiorari to review a judgment of the Circuit Court affirming a judgment in favor of the plaintiff in the small Claims Court of Dade County, Florida.
From the facts of the case it appears that one Bruton entered into a conditional sales contract for the purchase of an automobile from a Florida car dealer. In due course, the contract was recorded in the office of the State Motor Vehicle Commissioner. Before all payments due on the purchase price had been paid to the contract holder, Bruton purchased from Norton *361 Tire Company, Inc., under a retain title contract, a new set of tires and tubes, giving as part of the purchase price the old tires and tubes which had been on the car when the same was purchased from the car dealer.
Subsequently, Bruton defaulted on his automobile contract and the car was repossessed by Mossler Acceptance Company, the assignee of the conditional sales contract. The tire company thereupon sued Mossler Acceptance Company to recover the unpaid balance of the purchase price for the tires and tubes.
The question for decision is whether under the facts stated Mossler Acceptance Company obtained title to the tires and tubes that were on the car at the time of repossession.
No issue is raised as to any reciprocal rights which Mossler may have against the tire company for removing the tires originally sold with the automobile. Accordingly our comments will be confined to the narrow proposition stated, upon which the court below apparently relied in permitting recovery against the petitioner.
The principle involved in this case is that of accession, which as a general doctrine, is not disputed: "Accessories added to a chattel, if so incorporated as to be incapable of severance without injury to the whole, merge in the principal thing and become subject to the rights of ownership of the conditional vendor thereof * * *." 1 Am.Jur. 201. As respects this principle, in the field of automobile law the rule is stated in varying language: "Under the rules of accession when attachments on a car can be easily distinguished and separated, no change of property takes place, providing the separation can be made without injury to the automobile." Blashfield, Cyclopedia of Automobile Law and Practice, permanent edition, Vol. 7A, § 4687.
There can be no doubt that "the ordinary repairs upon a personal chattel * * * become accretions to, and merge in, the principal thing, and become the property of the general owner." Blashfield, § 4687, supra.
In recognition of this principle, it has been held in Florida that materials and labor involved in repairs to an automobile become a part of the vehicle, and that claims by persons supplying such materials or labor are subject to prior liens on the car. Fritz v. Miami Industrial Bank, 143 Fla. 342, 196 So. 689.
In the present case, however, there is no real question as to the priority of liens. The conditional vendor of the automobile undoubtedly has a prior lien on that vehicle, and the only issue is whether certain items also sold by conditional sale have become a part of the vehicle to which they were affixed, or whether they remain independent and separable chattels subject to their vendor's claim. In respect to this issue it is held that "where the seller of an automobile under a contract for conditional sale retakes the automobile upon default of the buyer to keep the terms of the contract, he is entitled to any tires or other replacements which a purchaser placed on the machine while it was in his possession, provided the title to such parts passed to the purchaser when he acquired them." (Emphasis supplied.) Berry on Automobiles (6th Ed.) Vol. 2, § 1806. "Where, however, such equipment is furnished by a third person, in whom the title remains, they do not belong to the conditional seller upon retaking the car under a contract recognizing that such equipment is separable and not accessions." (Emphasis supplied.) Berry, § 1806, supra.
Where, as in the case at bar, the controversy is between two sellers of chattels, both retaining title to secure payment of the purchase price, we think the more numerous and better reasoned cases hold that tires sold under a conditional sales agreement and placed on an automobile similarly pledged do not become part of the vehicle by the principle of accession. Anno. 68 A.L.R. 1239, 92 A.L.R. 425; Motor Credit Co. v. Smith, 181 Ark. 127, 24 S.W.2d 974, 68 A.L.R. 1239; Bousquet v. Mack *362 Motor Truck Co., 269 Mass. 200, 168 N.E. 800; John W. Snyder, Inc., v. Aker, 134 Misc. 721, 236 N.Y.S. 28; Goodrich Silvertown Stores v. Caeser, 214 N.C. 85, 197 S.E. 698, 700. As is stated in Goodrich Silvertown Stores v. Caesar, supra, "`the doctrine of accession is inapplicable in cases where personal property is placed upon other personal property if the property so placed had not become an integral part of the property to which it was attached and could be conveniently detached * * * we think it plain that one who attaches tires which he does not own to a motor truck which he does not own does not thereby pass title in the former to the owner of the latter.'" (Emphasis supplied.)
The rules herein set forth control the present case, in our opinion, and require that the writ of certiorari be denied.
It is so ordered.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.